38747.   HOPKINS v. EMPLOYERS MUTUAL
LIABILITY INSURANCE COMPANY *et al.*
38748.   McCULLOUGH v. EMPLOYERS MUTUAL
LIABILITY INSURANCE COMPANY *et al.*
38749.   MINTZ v. EMPLOYERS MUTUAL
LIABILITY INSURANCE COMPANY *et al.*

DECIDED APRIL 27, 1961.

*Bruce B. Edwards, Albert P. Feldman,* for plaintiffs in error. *Richard W. Best,* contra.

BELL, Judge. While forty-six grounds of error are assigned, the record reveals one which is controlling, and the only one which needs to be considered. The initial agreements between the parties for the payment of compensation found in the record and approved by the State Board of Workmen's Compensation are conclusive upon the issue of whether the injuries sustained by the employees fell under the Workmen's Compensation Law, Ch. 114-4, or the occupational disease statute, Ch. 114-8. These agreements were to pay compensation for an injury by accident, not for an occupational disease. Furthermore, from the facts in the record, it appears that the injuries sustained would have been governed by a prior decision of this court which held that disability to an employee caused by a disease which results from unusual, sudden, and unexpected inhalation of gas or fumes while performing the duties of his employment, where the disease causing the injury is not the natural result of existence of conditions necessarily incidental to the work being performed, is the result of an injury by accident and is compensable under the Workmen's Compensation Act. *Lumbermen's Mutual Casualty Co. v. Lynch,* 63 Ga. App. 530 (1) (11 S. E. 2d 699). The facts here are very similar to those in the *Lynch* case, where the claimant inhaled welding fumes for several hours, resulting in edema of the lungs. Here, the claimants inhaled carbon monoxide for several hours resulting in claimed carbon monoxide poisoning from fumes of a gasoline compressor not ordinarily used. The compressor appears to have been used on this one occasion as a

substitute for an electric compressor which would not exude the dangerous gas. Under the definition of an occupational disease as found in *Code* § 114-801, the hazard in the present case was not due to causes and conditions which were characteristic of and peculiar to the particular trade, occupation, process, or employment of these employees. *Code* § 114-803. The parties thus properly classified these as injuries by accident rather than as occupational diseases.

Where an award of compensation is made under the Workmen's Compensation Act, whether by agreement of the parties approved by the board or by an award of the board, the sole provision of law for further consideration of the case is a review by the board based upon a change in condition. *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 S. E. 2d 611). "By entering into the agreement and allowing it to receive the approval of the board, the parties thereby preclude themselves from thereafter contradicting or challenging the matters thus agreed upon." Ibid, p. 752. Since the only further consideration in each case was limited to the possibility of a change in the award upon the finding of a change in condition, the statutory provisions for investigation by the medical board could not be invoked for the injuries of the claimants. The jurisdiction of the medical board extends only to claims for compensation for an occupational disease where medical questions are in controversy. *Code* § 114-819. A reading of the final award shows clearly that the deputy director considered the findings of the medical board conclusive on the question of change in condition. This was error, since occupational diseases were not involved. The board's determination that its only jurisdiction in this matter was to enter an award in conformity with the findings of the medical board necessarily precluded the State Board of Workmen's Compensation from considering the other medical testimony in the case, some of which, if believed, might have resulted in a different conclusion.

The judgments are reversed in each case, with the cases remanded to the board for further findings upon the issue of a change in condition.

*Felton, C. J., and Nichols, J., concur.*