### 39582. AETNA CASUALTY & SURETY COMPANY et al. v. CAGLE.

EBERHARDT, Judge. Where the deputy director finds that claimant injured his back on the job in July 1958, and subsequently aggravated the injury until a final aggravation attributable to a specific job-connected incident in July 1959, after which he was unable to continue work, his claim filed in December, 1959, is not barred by the one-year limitation in *Code* § 114-305. It is well settled that the aggravation or acceleration of a pre-existing latent infirmity is compensable. *Pruitt v. Ocean Acc. &c. Corp.*, 48 Ga. App. 730 (173 SE 238); *Employers Liability &c. Corp. v. Johnson*, 62 Ga. App. 416 (2) (8 SE2d 542); *American Mut. &c. Ins. Co. v. Gunter*, 74 Ga. App. 500 (2) (40 SE2d 394); *Davis v. Bibb Mfg. Co.*, 75 Ga. App. 515, 518 (43 SE2d 780); *U. S. Cas. Co. v. Kelly*, 78 Ga. App. 112 (50 SE2d 238); *Massachusetts Bonding &c. Co. v. Turk*, 84 Ga. App. 547, 550 (66 SE2d 364); *Manufacturers Cas. Ins. Co. v. Peacock*, 97 Ga. App. 26 (1) (101 SE2d 898). We can see no difference between aggravation of a pre-existing infirmity whether incurred while working for another employer (see *Johnson*, supra), or whether congenital in nature (e.g., *Peacock*, supra), and this situation. To hold otherwise would penalize the claimant for attempting to continue working even though hurt to some extent. The record here amply shows that the employer had full knowledge of the back condition from its first occurrence.

Plaintiff in error urges us to ignore the affirmative finding of fact by the deputy director relative to the aggravations of his first injury, or of re-injury, which finding was later approved by the full board. This we cannot do because there is

competent evidence to support it. The dismissal of the claim by the board on the ground that it was barred by the statute of limitation, being grounded upon a wrongful application of the law, was error.

*The order of the superior court reversing the award of the board denying compensation is affirmed. However, we can see no necessity for a trial de novo. The matter should, instead, be remanded to the board for further proceedings, findings and award not inconsistent herewith. Carlisle, P. J., and Russell, J., concur.*

DECIDED JUNE 27, 1962—REHEARING DENIED JULY 27, 1962.

*Smith, Field, Ringel, Martin & Carr, Richard D. Carr, Ralph H. Hicks,* for plaintiffs in error.

*Richard W. Best, Henry Stewart,* contra.