49358. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. POWELL et al. 49359. GULF INSURANCE COMPANY et al. v. POWELL.

PANNELL, Presiding Judge.

On January 21, 1972, while in the employment of Coleman Gin Company, one Henry Howell, Jr., was installing tin roofing at his employer's direction. During the course of his work he twisted and felt a pain in his left hip. After resting about five minutes, the pain eased and he finished that day's work and the following half-day on Saturday. He reported the injury at the conclusion of work on Friday. Sunday he lay on the couch because of pain in his leg. On Monday, January 24th, he commenced work with Hooks Milling Company, where, because of the seasonal employment at Coleman, he customarily worked the next six months. His leg continued to bother him. On February 7, 1972, he was cleaning out a seed house when he again experienced the same hip pain as was felt on January 21st, and later that day while stooping to move a conveyor, there was a reoccurrence. On February 8th he saw a doctor for the

first time and on February 10th he again saw the doctor and terminated work. On February 14th he was operated on for a herniated disc and remained away from work until April 14, 1972.

Following a hearing on July 2, 1973, a deputy director of the State Board of Workmen's Compensation awarded compensation in favor of Mr. Powell against Hooks Milling Company and its insurer, Gulf Insurance Company. The full board, on appeal adopted the findings of fact and award of its deputy director. Hooks and Gulf, thereafter, appealed to the superior court, which issued an order remanding the case to the State Board of Workmen's Compensation for additional findings, which would establish whether Hooks and its insurer, or Coleman Gin and its insurer, or both were liable and, in the latter event, the board then should apportion payments based on the degree of liability of the respective parties. Appeal and cross appeal followed. *Held:*

1. In the instant case all parties agree that the employee is entitled to an award. A lack of accord exists only as to the parties liable.

Cases decided by this court have held that where an employee suffers a compensable injury and continues in his work for economic reasons and the original injury becomes aggravated to the extent that he can no longer do the job, he has suffered a "new injury" that is compensable. See, *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592); *Pacific Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435); *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (177 SE2d 125); *Thomas v. Ford Motor Co.,* 123 Ga. App. 512 (181 SE2d 874); and *Travelers Ins. Co. v. Hall,* 128 Ga. App. 71 (195 SE2d 679). In *S. S. Kresge Co. v. Bryant,* 123 Ga. App. 412 (181 SE2d 312) it was held that "if the employee's disability results as the immediate consequence of an accident arising out of and in the course of employment, it matters not that it combines with a pre-existing injury or disease, or that the accident would not have resulted in disablement except for the prior condition, or even that if the accident had not occurred at the time and place it did, it might have subsequently occurred in some manner unrelated to the employment, or might eventually have occurred

in any event. [Citations omitted.]"

In *House v. Echota Cotton Mills, Inc.,* 129 Ga. App. 350 (199 SE2d 585) we were first confronted with the question of whether the "new accident" rule of *Mallory* and related cases, supra, applies to an employee who voluntarily left the employment where he suffered the injury and worked elsewhere until he could no longer continue because of claimed aggravation of the original injury. It was concluded that it did not and the "new accident" theory was rejected in such cases. However, we also construed the term "injury" under Code § 114-102 to mean any injury arising from "the employment with the party from whom the compensation is sought." *(House* at p. 352). In the instant case, the incapacitating injury arose during his employment with Hooks Milling Company and the rationale of *Kresge,* supra, applies. This court's opinion in *St. Paul Fire &c. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551) is distinguishable. There, the claimant Hughes had received an earlier back injury for which compensation had been awarded and there was subsequent medical opinion testimony that in all probability the disc extrusion was related to the original back injury; no aggravation on the subsequent employment was found. No court has authority to disturb the findings of fact by the board if there is some evidence to support the award. There was an open question under the evidence in this case and the board's finding that Henry Powell received an accidental injury during employment on February 7, 1972, must be sustained. Accordingly, appellants' enumerations of errors have merit and reversal is required.

As to the cross appellant, the initial alleged error is that the court erred in remanding the case to the board for additional findings. While we have reversed the trial judge for his remand, we have done so by sustaining the board in placing the whole burden of paying compensation on the cross appellant; therefore, this contention of cross appellee that the court, in remanding, erred as to it is without merit. The remaining portions of the enumerations of error alleging a failure of the court; (b) to set aside the award of the board; (c) to enter an award in favor of cross appellant; and (d) to absolve

cross appellants of all liability are also without merit by virtue of this opinion.

*Judgment reversed on main appeal; affirmed on cross appeal. Quillian and Webb, JJ., concur.*

ARGUED MAY 10, 1974 — DECIDED SEPTEMBER 4, 1974 — REHEARING DENIED SEPTEMBER 25, 1974 — ■■■

*George W. Mullins, Jr.,* for Employers Mutual.

*Sharpe, Hartley & Newton, Hugh B. McNatt,* for Gulf Ins. Co.

*Sidney B. Shepherd,* for appellees.