50383. ALLSTATE INSURANCE COMPANY et al. v. DOTSON.

QUILLIAN, Judge.

Appeal was taken in this case by Kelly Chrysler-Plymouth, Inc. from a judgment in the Cobb Superior Court which affirmed in part and reversed in part an award of the State Board of Workmen's Compensation. The judgment by the trial court affirmed

the decision of the full board except as to the question of payment of medical expenses and the case was remanded to the board solely for the purpose of specifically enumerating what past medical expenses were to be paid by the appellants, the claimant's employer and the insurance company. The claimant, who is the appellee here, was employed by the appellant, Kelly Chrysler-Plymouth, Inc., at the time he incurred a back injury on March 1, 1972. A Form 16 Agreement, duly approved, showed the fact of the back injury and a disability commencing on March 2, 1972, and compensation payable at a weekly rate of $50, commencing March 9, 1972. A Form 19 Agreement showed that the claimant returned to work on June 5, 1972. The claimant continued working for the appellant, Kelly, until January 27, 1973, when he ceased working for such employer and commenced working for "Don Corvette Shop." The claimant worked for "Don Corvette Shop" until June 27, 1973. He then filed for a hearing against Kelly Chrysler-Plymouth, Inc. to determine a change in condition resulting from the injury he received on March 1, 1972. The claimant contended that he had not received any injury subsequent to 1972 and that his disability was the result of the injury he received while employed by Kelly Chrysler-Plymouth, Inc. The board found that as a result of a change in condition of the 1972 injury, on June 27, 1973, the claimant was totally incapacitated to work. *Held:*

The appellant contends that error was committed by the board and by the superior court in affirming the award because the case was decided on an erroneous legal theory when there was a failure to give consideration to the doctrine of aggravation as applied to the facts of this case. The appellant relies primarily on *Employers Mut. Ins. Co. v. Powell,* 132 Ga. App. 708 (209 SE2d 76), in which the employee suffered a job-connected injury and after the injury the employee commenced working for another employer and continued to have the same type of problem which eventually required him to cease work and have a disc operation. There the issue was which of the two employers should have responsibility to pay compensation. Citing *House v. Echota Cotton Mills,* 129

Ga. App. 350 (199 SE2d 585), this court held that the new accident rule did not apply to an employee who voluntarily left employment where the injury was suffered and then worked elsewhere until he could no longer continue because of claimed aggravation of the original injury. However, the term "injury" under Code Ann. § 114-102 (1946, pp. 103, 104; 1963, pp. 141, 142; 1973, pp. 232, 234) was construed to mean one which arose from "the employment with the party from whom compensation is sought." The court pointed out that there was evidence before the board sufficient to find that it was the subsequent employer who was solely liable and that under the any evidence rule, the trial judge erred in reversing and remanding the case to the board for additional findings and to apportion liability between the two employers and their insurers.

It should be noted that in *Employers Mut. Ins. Co. v. Powell,* 132 Ga. App. 708, supra, and *House v. Echota Cotton Mills,* 129 Ga. App. 350, supra, there was no approved agreement with regard to the "first injury." In this case there was an approved agreement which found that the defendant was injured on March 1, 1972, and that his disability commenced on March 2, 1972, while he was employed by the appellant Kelly Chrysler-Plymouth.

This case is controlled by *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551), where the facts are almost identical in that there the employee suffered a work-connected back injury and an agreement for payment of compensation was entered into; he returned to work for the same employer and then began work for another employer and subsequently he reached a condition where the pain had continued to worsen since the original injury and which finally necessitated his quitting work. This court pointed out that there was evidence of a second industrial accident but there was testimony linking up the disc rupture which he suffered with the original trauma. The court held "that even if the wear and tear of ordinary life or ordinary work to some extent aggravates a pre-existing infirmity, when that infirmity itself, stemming from the original trauma, continues to worsen, the point where the employee is no longer able to continue his work is not a *new* accident but

is a change of physical and economic condition entitling the claimant to compensation under the original award." P. 330.

The test to be applied in this case is whether or not there was a subsequent industrial accident which would of itself constitute the cause of the disability. It thus becomes necessary to consider whether or not it was a mere aggravation of the original one. The trier of fact found that during the period of time between April 5, 1972, and June 26, 1973, while the claimant was working for the same and another employer that the evidence was "insufficient to establish a new injury or incident, work-connected or otherwise, as a proximate cause of the condition of his back." In short, the trier of fact found in essence with regard to the *St. Paul* rule, 125 Ga. App. 328, supra, that while there might have been to some extent an aggravation of the pre-existing infirmity that there was not a new accident and hence recovery could be had against the original employer. Under the any evidence rule the judgment of the trial court in affirming the State Board of Workmen's Compensation as to this issue must be affirmed.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED MARCH 11, 1975 — DECIDED May 22, 1975 — REHEARING DENIED JUNE 16, 1975.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*Kirby G. Bailey,* for appellee.