## 53857. GARNER v. ATLANTIC BUILDING SYSTEMS, INC.

QUILLIAN, Presiding Judge.

This is an appeal of an award of the State Board of Workmen's Compensation. A hearing was held to determine whether the claimant had sustained a new injury. The award stated: "I find as a fact that the claimant did not sustain a new injury on May 26, 1975, but that he merely aggravated the prior injury."

The appellant contends that the award is conflicting because it states that he did not sustain a new injury and also states that he aggravated a prior injury. It is argued that by stating that he had aggravated a prior injury this was a holding that there was a new injury. *Held:*

1. An aggravation of a pre-existing condition has been held to constitute a new injury. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). However, this court has also said: "that even if the wear and tear of ordinary life or ordinary work to some extent aggravates a pre-existing infirmity, when that infirmity itself, stemming from the original trauma, continues to worsen, the point where the employee is no longer able to continue his work is not a *new* accident but is a change of physical and economic condition entitling the claimant to compensation under the original award." *St. Paul Fire &c. Co. v. Hughes,* 125 Ga. App. 328, 330 (187 SE2d 551). The author of this opinion has also used the word "aggravation" of a pre-existing condition to mean the

worsening of a pre-existing condition. *Allstate Ins. Co. v. Dotson,* 135 Ga. App. 128, 131 (217 SE2d 329).

It is clear that this court has used the word "aggravation" to convey two different meanings. When the "aggravation" of a pre-existing condition was sufficient of itself to constitute the cause of the claimant's inability to work this court has held that the "aggravation" constituted a new injury. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440, supra; *Employers Mut. Liab. Ins. Co. v. Powell,* 132 Ga. App. 708, 709 (1) (209 SE2d 76) and cits. Unfortunately, this court has also used the word "aggravation" in a situation where the claimant's condition, from the wear and tear of performing his usual duties, continues to worsen to the point that he can no longer perform the duties of his employment. Under these circumstances the claimant has not sustained a new injury but has had change of economic condition as to entitle him to compensation for a change in condition under the original award.

It is clear that this court and the State Board of Workmen's Compensation should, when referring to a new accident, use the word "aggravation," and when referring to a condition which is not a new accident, use the terminology, gradual worsening or deterioration, or recurrence, as appropriate to the circumstances.

In the present case the word "aggravation" as used in the award of the State Board of Workmen's Compensation was intended to mean a recurrence and not a new injury.

The evidence was sufficient to support this finding of the board.

2. What has been stated above is not to be confused with that line of cases which hold that, where an employee sustains an injury and continues to work, the statute of limitation does not begin to run until the date the employee was forced to cease work. See *Mallory v. American Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592).

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 9, 1977.

*William J. Perry,* for appellant.
*Jones, Bird & Howell, Arthur Howell, III,* for appellee.