## 54496. CROWN AMERICA, INC. v. WEST.

McMURRAY, Judge.

This is a workmen's compensation case in which the claimant-employee after an injury was paid compensation for approximately eight weeks, from September 5, 1974, through November 13, 1974. This claim was paid by the insurance carrier. The claimant then returned to work, executing a supplemental memorandum of agreement (Form 19). He later filed an application for determination of a change in condition from that previously established, contending he had been totally incapacitated for work since February, 1976 by reason of his 1974 injury.

In the meantime, the workmen's compensation insurance of the employer had ceased, and the employer had become a self-insurer. Consequently, two separate hearings were held, and separate awards were made thereon.

We are not here involved with the claim against the insurer who has not appealed the award against it, but with the claim against the employer as self-insurer.

Counsel for the claimant contends he obtained additional evidence before this claim against the employer/self-insurer was held and instead of a mere

change of condition hearing, claimant is here contending that there had been a new accident and injury by reason of aggravation. The administrative law judge so found, and the award was made accordingly. On appeal to the State Board of Workmen's Compensation the findings of fact and award of the administrative law judge was made the judgment of the full board. The superior court affirmed, and the employer/self-insurer appeals. *Held:*

The sole issue in this appeal is as to whether or not an award of a new injury as the result of an aggravation should have been given. The employer contends the case should be remanded for a finding that there had been mere aggravation of the prior injury. Employer as self-insurer bases its contention on the evidence as showing aggravation of the pre-existing injury and not showing such aggravation that resulted in a new injury, citing *Garner v. Atlantic Bldg. Systems,* 142 Ga. App. 517 (236 SE2d 183).

The *Garner* case was written by Presiding Judge Quillian in which he points out the difference between the wear and tear of ordinary life or ordinary work aggravation of a pre-existing infirmity which continues to worsen to the point where the employee is no longer able to continue his work and an aggravation of a pre-existing condition sufficient in and of itself to cause the claimant's disability to work, thus constituting a new injury. It was held in the *Garner* case that the evidence was sufficient for the board to have found that the aggravation therein was a recurrence and not a new injury.

However, the administrative law judge here examined the evidence following the claimant's return to work and found his job-connected duties as a truck driver combined with the residual problems still being suffered from his accident of September 3, 1974, resulted in the claimant becoming totally incapacitated to work on February 11, 1976, and that there was evidence showing that truck driving caused the claimant to be bounced and jarred; that upon returning from a trip his condition would be worse; that his condition never completely cleared up and although it stabilized, it became progressively worse because of the job (driving the truck) until he became totally incapacitated on February 11,

1976; and that the job activities aggravated claimant's condition, and claimant suffered an accidental injury on February 11, 1976, when he became totally incapacitated. Under the any evidence rule we cannot say that this was not a new accident but a mere change of physical and economic condition entitling the claimant to compensation under the original award. Had the administrative law judge so found the any evidence rule would have been likewise supported. Instead, it was determined that the aggravation resulted in a complete new injury when the claimant became totally incapacitated by the continued aggravation of the pre-existing injury. It is noted that the administrative law judge in his findings, which were adopted by the full board, did not use the terminology "gradual worsening or deterioration or recurrence" but found that an entirely new injury occurred by reason of aggravation. Since there was evidence sufficient to support the findings of the board the trial court did not err in affirming the award. *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129); *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585); *Liberty Mut. Ins. Co. v. White,* 139 Ga. App. 85 (227 SE2d 886); *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907); *Noles v. Aragon Mills,* 114 Ga. App. 130 (150 SE2d 305); *Mallory v. Am. Cas. Co.,* 114 Ga. App. 641 (152 SE2d 592); *Nat. Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (3) (177 SE2d 125); *Thomas v. Ford Motor Co.,* 123 Ga. App. 512 (181 SE2d 874).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 21, 1977 — DECIDED OCTOBER 13, 1977.

*Savell, Williams, Cox & Angel, John M. Williams, J. Caleb Clarke, III,* for appellant.

*Brown, Harriss, Hartman & Ruskaup, Don L. Hartman,* for appellee.