## 55130. EMPLOYERS INSURANCE OF WAUSAU et al. v. PADGETT et al.

QUILLIAN, Presiding Judge.

The instant appeal is from the lower court's affirmance of an award by the State Board of Workmen's Compensation pursuant to a change of condition hearing. Claimant had suffered a back injury in July of 1973. He returned to work with lighter duties but had to undergo various treatments including an operation. Then in April of 1976 while performing the duty of mowing the lawn he again became incapacitated. The sole issue raised on this appeal is whether the claimant has undergone a change in condition from his 1973 accident or has suffered a new

injury in 1976. *Held:*

In argument before this court we are cited our decision in *Garner v. Atlantic Building Systems, Inc.,* 142 Ga. App. 517 (236 SE2d 183). *Garner* dealt with the proper terminology to be used in describing whether there was a new injury or a change of condition. There based on the "any evidence rule" we affirmed the finding that there was a change of condition, not a new injury. In the case sub judice we must determine whether the instant facts authorized a finding of a new injury.

In the award, the administrative law judge stated: "With respect to the accident of April 13, 1976, I find as a matter of fact that on that date the claimant was assigned the job of mowing grass on a riding lawn mower. At that time the claimant advised his superior that he didn't believe he could do it and was told 'Yeah, I think you can or something like that.' Following this discussion the claimant proceeded to cut the grass and in the process of doing so his back began hurting to the extent that he was unable to continue working." He also found that claimant's doctor gave as his professional opinion that the activity aggravated claimant's condition. As the appellants contend, the doctor also qualified his opinion somewhat and in answer to the query as to how much of a factor the activity was he stated that the weight would be heavily in favor of the preexisting condition and the aggravation was probably not too significant.

The resolution of the problem herein involved was for the trier of fact. This case is controlled by *Crown America, Inc. v. West,* 143 Ga. App. 525 (239 SE2d 208), which affirmed the lower court on the basis that there was some evidence to sustain the finding that an entirely new injury occurred by reason of aggravation.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED JANUARY 12, 1978 — DECIDED MARCH 14, 1978.

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellants.

*Landrum & Floyd, Terry K. Floyd, Swift, Currie,*

*McGhee & Hiers, George L. Pope, Jr.,* for appellees.