### 55075. MOONE et al. v. LIBERTY MUTUAL INSURANCE COMPANY et al.

QUILLIAN, Presiding Judge.

This appeal arose out of a claim for compensation filed with the State Board of Workmen's Compensation as a result of the death of T. W. Moone, the claimant's husband. Mr. Moone was employed by Tidewater Construction Company which was performing work for Union Bag. Working as a pipe fitter, Mr. Moone was welding some pipes when he inhaled the fumes of a noxious gas from a substance known as "Chem Pak." The substance "Chem Pak" was used only for that job and apparently only on that day. After inhaling the fumes Mr. Moone began coughing blood and some two days later he died.

Since there was a considerable difference of opinion as to whether the inhalation of fumes produced the death of Mr. Moone and there was a controversy in the expert opinion as to whether or not the fumes that the deceased employee inhaled in the course of his employment were the proximate cause of his death, the case was referred to the Medical Board for an official opinion. The Medical Board recited that it "cannot find a direct relationship between the inhalation of toxic fumes and Mesenteric Thrombosis from which this patient died." Based on the finding of the Medical Board the administrative law judge entered an award denying the claimant's compensation. On appeal, the full board reached the same conclusions as the administrative law judge. The ruling of the full board was affirmed by the superior court and appeal to this court followed. *Held:*

Code Ann. § 114-819 (Ga. L. 1946, pp. 102, 113) provides: "In any claim for compensation for an occupational disease where medical questions shall be in controversy, the State Board of Workmen's Compensation

shall refer the case to the Medical Board for investigation and report." Code Ann. § 114-803 (Ga. L. 1946, pp. 102, 106; 1971, pp. 895, 900) reads: "Whenever used in this Chapter, the term 'occupational disease' shall include only those diseases hereinafter listed in this section and shall be construed to mean only such listed diseases which is due to causes and conditions which are characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease (excluding all ordinary diseases of life to which the general public are exposed). . ." (followed by an extensive list).

In *Hopkins v. Employers Mut. &c. Ins. Co.*, 103 Ga. App. 579, 582 (120 SE2d 321), this court had for determination the issue of whether injuries sustained by three employees fell under Code Ch. 114-4 of the Workmen's Compensation Law or under the Occupational Disease statute, Code Ann. Ch. 114-8. It was there held that "disability to an employee caused by a disease which results from unusual, sudden, and unexpected inhalation of gas or fumes while performing the duties of his employment, where the disease causing the injury is not the natural result of existence of conditions necessarily incidental to the work being performed, is the result of an injury by accident and is compensable under the Workmen's Compensation Act." From an examination of the record we find that the injury in this case was not the type that should have been referred to the Medical Board because the gas that the claimant was exposed to was not necessarily incidental to the work being performed or characteristic of and peculiar to the occupation of the deceased, within the purview of Code Ann. § 114-803.

*Judgment reversed with direction that the case be remanded to the board for further findings without consideration of the Medical Board. Webb and McMurray, JJ., concur.*

Argued January 11, 1978 — Decided April 10, 1978.

*Charles L. Sparkman, Joseph B. Bergen,* for

appellants.

*Cornish & Smith, Malberry Smith, Jr.,* for appellees.