57711. CITY OF ATLANTA v. THORNTON et al.
57712. THORNTON v. CITY OF ATLANTA et al.

DEEN, Chief Judge.

On April 3, 1975, Johnny Thornton sustained an injury at work but failed to file a claim for workers' compensation. He was off the job from this injury for ninety days and then returned to work, but transferred from his previous 'job with the City of Atlanta Water Works to the CETA administrative offices. He claims that he injured his coccyx again while lifting a file drawer at work on February 3, 1977, and became totally disabled during March, 1977. At a hearing before the administrative law judge, the city stipulated that the claimant was a Department of Labor funded CETA employee from the date of his first injury until he ceased work on March 20, 1977. The administrative law judge's award directing CETA, the employer, and Argonaut Insurance Company to pay the claimant $95 per week plus medical expenses was appealed to the Superior Court of Fulton County by both the insurance carrier and the claimant. The superior court reversed the award finding that the claimant had suffered an injury while at work on April 3, 1975, that the second injury did not constitute a new injury, that the city as a self-insurer is estopped to plead the statute of limitations as to the first injury because its acts had prevented the claimant from filing his claim, and that the city was improperly dismissed from the claim. This appeal is brought by the city and a cross appeal is filed by the claimant.

1. After his first injury, the claimant frequently reported to his CETA counsellor that he was in pain. She could not recall whether he reported an injury caused by lifting file drawers on February 3, 1977, but she did remember that sometime after Christmas he reported that his pains were getting worse. An award of compensation has been held to be justified when ". . . the claimant sustains a second accident *as the result of a*

*specific job-related incident* which aggravates a preexisting condition which resulted from a prior accident. In these circumstances the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). This is true whether the claimant is immediately disabled or if he continues to work after the second accident and his condition gradually worsens until he is forced to cease his employment. *Pacific Employers Ins. Co. v. Ivey,* 118 Ga. App. 299 (163 SE2d 435)." *Central State Hospital v. James,* 147 Ga. App. 308 (248 SE2d 678) (1978). In the present case, the claimant experienced a specific job-related incident which constituted a new accident rather than a worsening of his condition caused by performing his usual duties and the wear and tear of ordinary life. *Central State Hospital v. James,* supra. "The question of whether a new accident or a change of condition has occurred is a question for the administrative law judge . . . In reviewing this factual determination . . . the superior court is bound by the any evidence rule." *U. S. Fidelity &c. Co. v. Reynolds,* 146 Ga. App. 615 (247 SE2d 199) (1978). As there was evidence in the record to support the award, the superior court erred in reversing the finding of fact made by the administrative law judge.

2. As the administrative law judge's finding of a new accident was correct, it is unnecessary for us to rule upon the superior court's holding that it was error to dismiss the city from the claim.

*Appeal in Case No. 57711 is reversed and the cross appeal is dismissed. McMurray, P. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 11, 1979 — DECIDED JUNE 13, 1979 — REHEARING DENIED JULY 6, 1979.

*Ferrin Y. Mathews, Henry M. Murff,* for appellant (Case No. 57711).

*George & George, Lavinia B. George, Savell,*

*Williams, Cox & Angel, Lawson A. Cox, II, Michael Jablonski,* for appellees.

*Lavinia .B. George,* for appellant (Case No. 57712).

*Ferrin Y. Mathews, ·Henry M. Murff, Lawson A. Cox, II,* for appellees (Case No. 57712).