## 57896. CURTIN v. DEPARTMENT OF HUMAN RESOURCES.

BIRDSONG, Judge.

The Workers' Compensation Board denied an award of compensation to claimant-appellant; the superior court affirmed on review; and this appeal followed. The claimant injured her ankle in an accident which arose in and out of her employment on March 31, 1977. She was employed as a case worker in the Department of Vocational Rehabilitation. Claimant from the date of this injury to June 3, 1977, lost time from her employment due

to the ankle injury for which she was compensated fully in a sick leave status. She was dismissed by her physician and returned to full duty with no disability on June 3, 1977. On June 14, 1977, she was hospitalized for a short period for mental illness. Since that time, she has been under the care of a psychiatrist and has not worked for appellee. Appellant's claim for compensation is based on the allegation that her psychiatric treatment and accompanying disability from June 3, 1977 forward resulted from the ankle injury. The administrative law judge and the board found as a fact to the contrary and denied compensation. *Held:*

1. The board found as fact that claimant has had periodic psychiatric treatment for a number of years dating back to the 1960's; that the ankle injury of March 31, 1977, had no relationship to her subsequent disability by reason of mental illness which manifested itself in June, 1977, and forward; and that claimant's present disability and any disability since June 3, 1977, did not arise out of and in the course of employment. These findings of fact have evidentiary support in the record and were therefore authorized. Therefore, the "any evidence" rule must apply, and affirmance is required absent any other legal reason which would cause a reversal. *Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

2. Claimant while admitting that she has had a prior history of mental illness makes the argument that the ankle injury was an aggravation of a pre-existing latent mental condition and the board failed to consider it. An aggravation of a pre-existing latent infirmity is compensable. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907). However, in spite of appellant's contentions, the board did not find any aggravation of a pre-existing latent infirmity and the evidence does not demand such a finding. Furthermore, there is no indication in the record that the board erroneously failed to consider this possibility as a basis to award compensation. This contention has no merit.

3. The claimant contends that we should reverse and direct the remand of this case to the medical board for investigation under Code § 114-819. The latter statute

provides: "In any claim for compensation for an occupational disease where medical questions shall be in controversy, the State Board of Workmen's Compensation shall refer the case to the Medical Board for investigation and report. No award shall be made in such case until the Medical Board shall have duly investigated the case and made its report with respect to all medical questions at issue. The date of disablement, if in dispute, shall be deemed a medical question." In support of this contention, claimant relies on *Sawyer v. Pacific Indem. Co.,* 141 Ga. App. 298 (233 SE2d 262). In *Sawyer,* the claimant, after about two years of employment in an institution which required his close association with emotionally disturbed youngsters, suffered a mental breakdown and there was evidence strongly suggesting that the disorder or disease resulted from claimant's job environment. In *Sawyer,* there was no history of a prior mental disorder as here. The mental condition involved in this case under the evidence does not fall within the definition of an occupational disease as defined in Code § 114-803 as the psychiatric condition of claimant was not necessarily incidental to the work being performed or characteristic of and peculiar to the occupation of claimant. See and compare *Moone v. Liberty Mut. Ins. Co.,* 145 Ga. App. 629 (244 SE2d 148). The record here will not support a referral to the Medical Board.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 22, 1979.

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.,* for appellant.

*G. Thomas Davis, Gary R. Hurst,* for appellee.