## 58462. AETNA CASUALTY & SURETY COMPANY et al. v. McKENZIE et al.

BIRDSONG, Judge.

Workers' compensation. The facts of this case show that the claimant, Ms. McKenzie, worked for Stan's Sandwich Shops, whose insurer for workers' compensation was Insurance Company of North America (INA). On September 15, 1976, Ms. McKenzie suffered a leg injury while engaged in her employer's business. She continued to work, however until October 6 when the injury deteriorated to the point that Ms. McKenzie could no longer function on the job. She was admitted to the hospital and treated for a pulmonary embolism which in the opinion of the admitting physician resulted from the September 15 injury. The employer and INA entered into an agreement whereby Ms. McKenzie was compensated during the period of her disability. Ms. McKenzie returned to work on November 12, 1976, following her hospitalization and treatment, apparently working full time at full pay. On November 22, 1976, Stan's Sandwich Shops was sold to the Dewberry Corporation. However, Ms. McKenzie continued in her same employment with Dewberry. Dewberry's insurer for workers' compensation was Aetna Casualty and Surety Co. On November 29, 1976, Ms. McKenzie while engaged in her usual occupation for Dewberry was stooping to pick up some eggs to put them into a refrigerator when the earlier injured leg suddenly gave way. Ms. McKenzie started to fall and grabbed at a table to support herself. As she did she twisted her back and immediately felt sharp pains in her back and down each leg. On December 6, 1976, she was examined and ultimately a herniated disc in her back was repaired. Because Ms. McKenzie had returned to work and was no longer drawing compensation due to her original injury at the time Dewberry bought the business, INA declined to make payments for the "new" injury of November 29, 1976. Aetna, contending that the injury of November 29th was an aggravation of the September

15th injury and thus was a change of condition, also declined compensation. Ms. McKenzie filed a claim against both her original employer and its insurer (Stan's and INA) as well as her new employer and its insurer (Dewberry and Aetna). The administrative law judge concluded that the injury of November 29, 1976, was an aggravation of the September 15th injury and thus was a change of condition, releasing Dewberry and Aetna from liability. INA and Stan's Sandwich Shops appealed to the full Board of Workers' Compensation who made the administrative law judge's decision their own. On appeal to the superior court, that court reversed the decision of the board and the administrative law judge, concluding that the evidence as a matter of law established a new injury and not a change of condition, and remanded the matter to the State Board of Workers' Compensation for an award consistent with a new injury. Aetna and Ms. McKenzie bring this appeal contending that the "any evidence" rule applies and that the superior court erred in reversing the administrative law judge and full board's determination that a change of condition was involved. *Held:*

We affirm the superior court. The decision in *Central State Hospital v. James,* 147 Ga. App. 308, 309 (1)(b) (248 SE2d 678) is dispositive of the issue. In that case it was held in pertinent part: ". . . where the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident . . . the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907)."

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 11, 1979 — DECIDED NOVEMBER 1, 1979 — REHEARING DENIED NOVEMBER 21, 1979.

*Warner R. Wilson, Jr., Donald F. Walton,* for appellants.

*James E. Hardy, Williston C. White, Andrew J. Hinton, Stephen L. Goldner,* for appellees.