69180. FAIRFIELD PLANTATION et al. v. PARMER et al.
(327 SE2d 580)

POPE, Judge.

On June 17, 1980 while employed by Fairfield Plantation, claimant Parmer sustained an on-the-job injury to his lower back which resulted in two subsequent surgical procedures: a laminectomy later in 1980 and a spinal fusion in November 1981. Fairfield Plantation's workers' compensation insurance coverage for the June 17, 1980 accident was provided by Aetna Casualty and Surety Company ("Aetna"). On March 1, 1982 Fairfield's insurance coverage changed from Aetna to Utica Mutual Insurance Company ("Utica"). Parmer was returned by his orthopedic surgeon, Dr. Allgood, to light duty

work as a marine store manager with Fairfield Plantation in April 1982. On August 16, 1982 Parmer again injured his back while in the employ of Fairfield Plantation. As he was helping a co-worker to load a boat onto a trailer, Parmer strained his back by reaching up suddenly to grab the boat to prevent it from tipping over into the water. Parmer then notified Dr. Allgood's office that he had pain in his back radiating to both legs. Pursuant to his call to Dr. Allgood's office, Parmer rested for two days and returned to work. In the latter part of September, however, Parmer's lower back ache began to worsen whereupon he was examined by Dr. Allgood and X-rays of his lower back were performed. From these, Dr. Allgood ascertained that Parmer had a non-fusion of a portion of the November 1981 spinal fusion. On October 20, 1982 a new fusion was performed on Parmer's spine and, at the date of the hearing on his claim, he was still recovering.

The administrative law judge ("ALJ") concluded that Parmer had suffered a change in condition rather than a new accident. Under the ALJ's award, Fairfield Plantation and Aetna were held liable for payment for workers' compensation benefits and medical expenses. On appeal to the full board, the ALJ's award was reversed. The board found that Dr. Allgood "testified that although the boating incident on August 16, 1982, may not have caused the non-union of the spinal fusion, it did aggravate claimant's pre-existing condition. Claimant, therefore, suffered a new injury by accident on August 16, 1982." Accordingly, the board's award held Utica and Fairfield Plantation liable. The superior court affirmed the award of the full board.

The question of whether a new accident or a change of condition has occurred is a question of fact for the trier of fact. *U.S.F.& G. Co. v. Reynolds,* 146 Ga. App. 615 (2) (247 SE2d 199) (1978). " 'Under numerous decisions of this court, an award of the [Workers'] Compensation Board will not be disturbed where there is any evidence to support it. The weight and credit to be given the testimony of the witnesses, and the conflicts in the evidence, are matters for determination by the board.' [Cit.] 'The findings and conclusions of the full board supersede those of the administrative law judge [Cit.], and we are required under the "any evidence" rule to uphold those findings and conclusions.' [Cit.]" *Diers v. House of Hines, Inc.,* 168 Ga. App. 282 (1) (308 SE2d 611) (1983). "An award of compensation has been held to be justified when '. . . the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident. In these circumstances the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. *Aetna Cas. &c. Co. v. Cagle,* 106 Ga. App. 440 (126 SE2d 907) [(1962)]. This is true whether the claim-

ant is immediately disabled or if he continues to work after the second accident and his condition gradually worsens until he is forced to cease his employment. *Pacific Employers Ins. Co. v. Ivey*, 118 Ga. App. 299 (163 SE2d 435) [(1968)].' *Central State Hospital v. James*, 147 Ga. App. 308 [(1b)] (248 SE2d 678) (1978)." *City of Atlanta v. Thornton*, 150 Ga. App. 571 (1) (258 SE2d 192) (1979). Accord *Aetna Cas. &c. Co. v. McKenzie*, 152 Ga. App. 445 (263 SE2d 201) (1979). Since there was evidence to support the full board's award holding that the August 16, 1982 accident aggravated the pre-existing condition caused by the previous (1980) back injury and resulted in Parmer's disability, the award was correctly affirmed by the superior court. See *Home Indem. Co. v. Edwards*, 146 Ga. App. 98 (245 SE2d 456) (1978); *Employers Ins. of Wausau v. Padgett*, 145 Ga. App. 299 (243 SE2d 692) (1978); *Crown America, Inc. v. West*, 143 Ga. App. 525 (239 SE2d 208) (1977).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 4, 1985.

Robert L. Kiser, for appellants.
Gregory T. Presmanes, John M. Strain, for appellees.