## 70221. ROYAL GLOBE INSURANCE COMPANY v. HARTFORD INSURANCE COMPANY et al.
### (332 SE2d 387)

Pope, Judge.

Workers' compensation. On November 6, 1978 claimant Sandra Van Giller suffered an injury to her neck while in the employ of Claxton Manufacturing Company. The injury was compensable under the Workers' Compensation Act, and claimant received compensation for temporary total disability and for medical expenses which arose as a result of the injury. These benefits were paid by the employer's insurance carrier, Royal Globe Insurance Company. Disability benefits ceased in January of 1979 upon claimant's return to work. On May 1, 1982 Hartford Insurance Company replaced Royal Globe as the employer's workers' compensation insurance carrier. On March 11, 1983 claimant filed a claim for additional compensation indicating that she had re-injured her neck on September 29, 1982. This claim was controverted and following a hearing on the matter, the administrative law judge (ALJ) found that claimant's re-injury of her neck was not a second accident but rather "that the problems from which the claimant complained were caused by the accident of November 6, 1978." Further finding that the statute of limitation did not bar claimant's claim, the ALJ entered an award directing Royal Globe to pay to claimant disability benefits as well as her medical expenses. Upon de novo review, the board found that claimant sustained a new injury on September 29, 1982 by aggravation of a pre-existing, work-related medical condition and directed that disability benefits and medical expenses be paid to claimant by Hartford. On appeal to the superior court, the court reversed the award of the board and reinstated the award of the ALJ.

1. The record discloses that upon returning to work following the November 1978 injury, claimant's physical duties on the job did not change. She was required to bend her neck and stoop over to perform whatever job she was called upon to do. From the time she returned to work following her initial injury, claimant regularly experienced the same type of symptoms — burning, tingling and stinging sensations in her neck — that she had first experienced as a result of her initial injury. At the time of her September 29, 1982 injury, claimant was working on the cutting table. She testified, "I picked [a bundle of material] up to move it so the girl could bring the buggy down the table, and I felt a burning and stinging in my neck." Claimant further testified that the symptoms she experienced as a result of the injury on September 29, 1982 were substantially the same as those she had continued to experience from the date of the initial injury, only more severe. "The pains that I had before wasn't quite as severe as these, but it was the same pain; it just hurt more . . . I've had them before,

just not as sharp, but it's the same feeling . . . [I]t was really hurting this time." Claimant continued to work after the September 1982 injury until December of that year when she was admitted to the hospital for a myelogram and was out of work for three weeks. Claimant thereafter returned to work at Claxton.

The essence of the dispute in this case is this: Royal Globe argues that the evidence of record supports the board's finding that claimant suffered a "new injury" on September 29, 1982; Hartford contends that the evidence establishes that claimant's pre-existing neck condition gradually worsened to the point that she could no longer perform her ordinary work, thus constituting a change in condition rather than a new injury. The benchmark case in distinguishing between old and new injuries is *Central State Hosp. v. James*, 147 Ga. App. 308 (1) (248 SE2d 678) (1978). In *James* the court offered the following example of a new injury: "[W]here the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident . . . the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. [Cit.] This is true whether the claimant is immediately disabled or if he continues to work after the second accident and his condition gradually worsens until he is forced to cease his employment. [Cit.]" Id. at 309. An example of a change in condition "is where the claimant sustains an injury and is awarded compensation during his period of disability. Subsequent thereto he returns to his employment performing his normal duties or ordinary work. Then as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties and not because of a specific job-related incident his condition gradually worsens to the point that he can no longer continue to perform his ordinary work. This gradual worsening or deterioration would constitute a change in his condition and not a new accident. [Cits.]" Id. at 309-10.

In our view, the evidence of record as applied to the *James* examples does not conclusively establish that claimant's disability constituted either a change in her condition or a new injury. That is, the evidence can be construed to support either the ALJ's finding of a change in condition or the board's finding of a new injury. "The question of whether a new accident or a change of condition has occurred is a question of fact for the trier of fact." *Fairfield Plantation v. Parmer*, 173 Ga. App. 619, 620 (327 SE2d 580) (1985). "The findings and conclusions of the full board supersede those of the administrative law judge, and we are required under the 'any evidence' rule to uphold those findings and conclusions. It is the law in this state that if there is any evidence to support a finding of the Workers' Compensation Board, the superior court may not reverse the award unless

errors of law were committed. Moreover, in determining whether evidence in the case meets the 'any evidence' rule, the evidence will be construed in the light most favorable to the party prevailing before the board and every presumption in favor of the board's award is indulged." (Citations and punctuation omitted.) *Poulnot v. Dundee Mills*, 173 Ga. App. 799 (328 SE2d 228) (1985); see *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408 (224 SE2d 65) (1976). Applying the "any evidence" rule to the case at bar, we are compelled to conclude that there is at least some evidence of record which supports the board's finding that the claimant herein suffered a "new injury" on September 29, 1982. See *Fairfield Plantation v. Parmer*, supra, and cases cited therein. Therefore, the superior court erred in reversing the award of the board.

2. In light of our holding in Division 1, supra, the remaining enumerations of error are moot.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 10, 1985.

*Jack H. Usher*, for appellant.

*Herbert J. Chestnut, Bobby Jones, Julian B. Smith, Jr.*, for appellees.