A91A0829. McLEROY PLUMBING SERVICE, INC. et al. v. STARKS.
(410 SE2d 756)

POPE, Judge.

We granted the employer's request for discretionary appeal to review the order of the superior court affirming an award in favor of the claimant by the State Board of Workers' Compensation (the "board"). Claimant, Joshua L. Starks, was employed by McLeroy Plumbing Service in 1986 as a plumber's helper. That position involved manual labor, including the lifting of certain heavy pipes. Starks testified that on August 11, 1989, while he was lifting a pipe from the ground he injured his back. He further testified that he notified the supervisor of the job about his injury on the same day.

It is undisputed that Starks has a history of previous back problems, which resulted in surgery as early as 1980. It is also undisputed that Starks has a congenital back condition known as spinal stenosis, which is a very narrow spinal canal. The record also reflects that after Starks' injury in August 1989, he underwent back surgery on three occasions. On February 21, 1990, a hearing was held before the administrative law judge ("ALJ"), who found that Starks was injured while at work on August 11, 1989, and that injury aggravated his preexisting condition resulting in a new compensable injury. The award of the ALJ was appealed to the board which, on August 3,

1990, adopted the award of the ALJ as the award of the board. The employer then appealed to the Superior Court of Clarke County, which affirmed the decision of the board. The employer now appeals from the superior court's order. We affirm.

1. In its first enumeration of error, the employer urges this court to find the superior court erred in upholding the decision of the board because all competent medical evidence establishes that Starks' condition is a congenital, developmental condition that pre-existed his employment with McLeroy Plumbing, and was not aggravated by an on-the-job injury while he was employed by McLeroy Plumbing. In appeals to this court, an award of the board will not be disturbed when there is any evidence to support it. *Fairfield Plantation v. Parmer*, 173 Ga. App. 619, 620 (327 SE2d 580) (1985). " 'An award of compensation has been held to be justified when ". . . the claimant sustains a second accident *as the result of a specific job-related incident* which aggravates a pre-existing condition which resulted from a prior accident. In these circumstances, the second accident which aggravated the pre-existing condition is a new injury, if the second accident at least partially precipitated the claimant's disability. [Cit.]" ' " Id. The same rule would apply to accidents which aggravate a pre-existing congenital condition.

A review of the record in this case reveals the treating physician testified that although his records did not reflect the exact dates, Starks told the doctor throughout his treatment that he lifted heavy pipe at work. The doctor further testified that even though some of the surgery performed on Starks after the alleged date of injury alleviated his problems stemming from his spinal stenosis condition, if Starks had not experienced disk herniations, which could have been caused by lifting heavy pipe, he probably would not have needed corrective surgery for his spinal stenosis condition at his age. Thus, the medical evidence is consistent with the board's findings.

2. In its second enumeration of error, the employer argues that the superior court erred in concluding the board was entitled to believe the testimony of Starks concerning his alleged on-the-job injury because his testimony was impeached and proven false leaving no competent evidence to support the award of the board. "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." OCGA § 24-9-85 (b).

The record reveals that Starks' testimony at the hearing concerning the occurrence of a specific job-related incident was impeached by his deposition testimony that he did not remember any specific event, such as lifting something, that caused his back problems to begin in August 1989. At the hearing in this case, however, Starks testified that "now I've had time to think about it and everything I can recall

that particular day that I had that particular pain." If Starks' testimony at his deposition and at the hearing was the only evidence of his injury, there would be no competent evidence to support the award. The treating physician in this case, however, testified Starks told him throughout his treatment that he carried heavy pipes at work, and that Starks related that activity to the symptoms he was having. The testimony of the treating physician was not impeached on that point. Thus, his testimony offers sufficient competent evidence that Starks' injury was work-related. Accordingly, the superior court properly affirmed the order of the board.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 23, 1991.

*Savell & Williams, Mark S. Gannon, Debra L. Dalton*, for appellants.

*Scott & Quarterman, Howard T. Scott, Donald T. Wells, Jr.*, for appellee.