A93A2018. K MART CORPORATION v. BRIGHT.
(436 SE2d 801)

BLACKBURN, Judge.

The appellee, Marjorie Bright, injured her back while at work at K Mart on June 12, 1989, and thereafter was awarded workers' compensation benefits. In the course of her authorized medical treatment, Bright was referred to the DeKalb Pain Clinic, where she was also treated by a staff psychiatrist for depression that developed as a consequence of the back injury.

Eventually, Bright became dissatisfied with the care provided at the pain clinic, and in November 1990 she sought psychiatric care from Dr. Howell Slaughter, who was not on K Mart's panel of physicians. Bright did not seek authorization from her employer for this psychiatric care, and instead paid for the services through her regular health insurance coverage.

Bright was hospitalized from April 22, 1991, through May 5, 1991, due to severe depression. During the hospitalization, Dr. Slaughter also arranged for a neurological consultation by Dr. Howard Rosing. Afterwards, Bright requested that K Mart pay the medical expenses associated with the hospitalization, and K Mart controverted the claim.

At the hearing on the claim, Dr. Slaughter testified that he had recommended Bright's hospitalization on an emergency basis on April 22, 1991, because of a significant increase in the severity of her depression. At the time, he had been concerned that she might become suicidal without immediate intervention. Prior to April 1991, he had not noted any suicidal tendencies on Bright's part.

The Administrative Law Judge found that K Mart had not refused or failed to provide medical care for Bright before her request for payment of the hospitalization expenses. However, based upon Dr. Slaughter's testimony, Bright's claim for the hospitalization expenses was found to be compensable as an emergency under OCGA § 34-9-201 (c). The appellate division of the State Board of Workers' Compensation and the superior court affirmed that award, and this discretionary appeal followed.

Generally, an employer is not responsible for medical services furnished by a non-panel physician utilized by an employee in disregard of the requirement to select a physician from the panel maintained by the employer. *Owens-Illinois v. Champion*, 203 Ga. App. 736 (417 SE2d 703) (1992). However, under OCGA § 34-9-201 (c), if an employee is unable to select a panel physician because of an emer-

gency or similarly justifiable reason, that selection requirement is inapplicable.

"An emergency is an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency." (Citations and punctuation omitted.) *Armstrong v. Allstate Ins. Co.*, 135 Ga. App. 278, 279 (217 SE2d 486) (1975). As testified to by Dr. Slaughter, Bright's significantly increased depression met that definition of emergency at the time of her hospitalization on April 22, 1991. Dr. Slaughter's testimony thus compels us to uphold the Board's determination in this case, inasmuch as the Board's findings will not be disturbed on appeal where there is any evidence to support them. *McLeroy Plumbing Svc. v. Starks*, 201 Ga. App. 270 (410 SE2d 756) (1991).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 26, 1993.

*Robert L. Kiser*, for appellant.
*Charles W. Wrinkle*, for appellee.

