52072. LIBERTY MUTUAL INSURANCE COMPANY v. WHITE et al.

QUILLIAN, Judge.

This case involves an appeal from the judgment of

the superior court affirming an award of the State Board of Workmen's Compensation. The employee, Mrs. White, was injured on May 1, 1972 while in the employ of Standard Container Company. Employee generally contended in her testimony that, although she did not lose time from work immediately after the injury of May 1, 1972, she did lose some time at other times thereafter and became unable to work any longer on April 20, 1973, as a result of gradual worsening of her knee injury over a long period of time. Hartford Insurance Company had Workmen's Compensation insurance coverage for Standard Container Company during the year 1972 and Liberty Mutual Insurance Company took over the coverage on February 1, 1973. When the employee made claim for workmen's compensation benefits after becoming disabled in April of 1973, Hartford Insurance Company accepted the claim and made payments to her for eight (8) weeks because the claim was based upon the accident of May 1, 1972. The board would not sign or approve the agreement forms submitted because the compensation rate had changed in 1973. Thereafter, Hartford discontinued payments to the employee and a claim was filed with the board by the employee.

The deputy director found, as a result of the hearing, that the employee injured her knee on May 1, 1972, that her knee condition gradually worsened after she changed jobs to one requiring more standing and that she finally had to stop working on April 20, 1973. He further found that the continued standing at work by the employee aggravated her condition and, since Liberty Mutual had the coverage for the employer when employee finally had to stop working in April of 1973, he determined that Liberty Mutual was liable for the benefits to be paid to the employee.

The sole issue of law involved in this appeal is whether, under the evidence contained in the record, Liberty Mutual should be liable for the benefits due the employee or whether Hartford Insurance Company should be liable for these benefits. The underlying question of law appears to us to be as follows: When an employee sustains an accident while in the employ of an employer when one insurance carrier has coverage and

the condition brought about by the accident gradually worsens because of aggravation over a period of time so that employee is eventually required to terminate her employment because of disability at a time when another insurance carrier has coverage, which carrier is liable for the benefits? *Held:*

Under that which was held in *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129), and *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585), we are constrained to hold that a new injury occurred on the date that the claimant was unable to continue in her employment because of an aggravation of the pre-existing condition. Hence, the trial judge correctly determined that Liberty Mutual was liable for the benefits to be paid the employee.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED APRIL 13, 1976 — DECIDED JUNE 17, 1976.

*Tillman, Brice, McTier, Coleman & Talley, John T. McTier,* for appellant.

*Richard W. Best, Jack J. Helms,* for appellees.