## 55873. UNITED STATES FIDELITY & GUARANTY COMPANY et al. v. REYNOLDS et al.

BELL, Chief Judge.

On December 5, 1974, the claimant suffered a work-related back injury which necessitated a laminectomy in March, 1975. She worked from the date of injury until the operation. Thereafter she was compensated under an approved agreement until her return to work on August 9, 1976. Claimant became totally unable to perform her regular duties after September 17, 1976. The employer's insurance carrier at the time of the original injury in 1974 was the appellee Hartford Insurance Group. At the time the employee returned to work, the compensation insurer was appellant United States Fidelity & Guaranty Company. The administrative law judge found as a fact that the employee had not suffered a new injury after she returned to work, but found that the employee had undergone a further change in condition. Code Ann. § 114-709. Consequently, the judge dismissed the employee's claim against United States Fidelity & Guaranty Company, as it was not the insurer at the time of the original injury. The full board adopted this finding and the award. The superior court on review remanded the case to the board for findings of fact and a conclusion of law in accordance with the case of *Liberty Mut. Ins. Co. v. White,* 139 Ga. App. 85 (227 SE2d 886), which was held in the order of remand as controlling. The employer and its present insurer appeal. *Held:*

1. The superior court erred in holding that this case is controlled by the decision in *Liberty Mut. Ins. Co. v. White,* supra. *Liberty Mutual* held that the aggravation of a pre-existing condition by continued work constituted a new injury. In this case, however, the administrative law judge specifically found as a fact that the claimant did not suffer a "new injury at any time" and therefore a physical as well as an economic change of condition resulted.

2. The superior court also erred in not affirming the decision of the board under the any evidence rule. Appellants assert that the administrative law judge was laboring under the erroneous legal theory that a specific

incident causing the employee's back condition to flare up was necessary to constitute a new injury. A "new accident" may be caused by the aggravation of a previous compensable injury by continued work, whereas a change of physical and economic condition results from a gradual deterioration stemming from the wear and tear of ordinary, nonemployment work, rather than from job related activities. *Southern Bell Tel. & Tel. Co. v. Lemon,* 142 Ga. App. 141 (235 SE2d 588). The question of whether a new accident or a change of condition has occurred is a question of fact for the administrative law judge. *Crown America, Inc. v. West,* 143 Ga. App. 525 (239 SE2d 208). In reviewing this factual determination which was adopted by the full board, the superior court is bound by the any evidence rule. There is some evidence to support the administrative law judge's finding that the employee suffered a change in physical condition, in that the employee testified that even prior to her return to work, the pain was increased by any activity, including housekeeping. Thus, from the tenor and wording of the award, it cannot be said to be *clear* that the administrative law judge misconstrued the evidence and applied an incorrect principle of law. We reverse and direct the superior court to enter a judgment affirming the award.

*Judgment reversed with direction. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 22, 1978 — DECIDED JULY 10, 1978.

*Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna,* for appellants.

*Greene, Smith & Davis, Jack M. Smith, Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellees.