## 56590. HARTFORD INSURANCE GROUP et al. v. STEWART.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation granting the claimant compensation and directing the Hartford Insurance Group to pay the benefits. *Held:*

1. The evidence authorized a finding that the claimant was injured on or about August 18, 1976; that the claimant continued to work until his condition, which resulted from the accident, gradually worsened over a period of time, due to the performance of his duties, to the point he was required to terminate his employment on January 3, 1977; that the Hartford Insurance Group ceased to have the workers' compensation insurance coverage on November 1, 1976 when it was taken over by Aetna Insurance Company.

2. The evidence having authorized an award granting the claimant compensation, the only remaining issue is which of the insurance carriers is liable for the benefits due the claimant.

In *Liberty Mut. Ins. Co. v. White,* 139 Ga. App. 85, 86 (227 SE2d 886), where this same issue was decided, it is stated: "The underlying question of law appears to us to be as follows: When an employee sustains an accident while in the employ of an employer when one insurance carrier has coverage and the condition brought about by the accident gradually worsens because of aggravation over a period of time so that employee is eventually required to terminate her employment because of

disability at a time when another insurance carrier has coverage, which carrier is liable for the benefits? *Held:* Under that which was held in *Blackwell v. Liberty Mut. Ins. Co.,* 230 Ga. 174 (196 SE2d 129), and *House v. Echota Cotton Mills,* 129 Ga. App. 350 (199 SE2d 585), we are constrained to hold that a new injury occurred on the date that the claimant was unable to continue in her employment because of an aggravation of the pre-existing condition."

Under that which was held in the *White* case, in the case sub judice Aetna Insurance Company had the coverage on the date the claimant was forced to terminate his employment and is therefore liable for the payment of the compensation benefits.

It is noted that the terminology employed by the author of this opinion in the *White* case was not entirely accurate. See *Garner v. Atlantic Bldg. Systems,* 142 Ga. App. 517 (236 SE2d 183).

It should be pointed out that the "new accident theory cases" only apply in those instances where the claimant is injured and goes back to work subsequent thereto without any agreement or award as to that injury having been approved or issued by the State Board of Workers' Compensation.

In the "new accident" cases, the date of the "new accident" is the date that the injury manifested itself, that is, the date the claimant is forced to cease his employment, where the claimant is injured and continues in his employment until as a result of his condition he is forced to terminate his employment. *House v. Echota Cotton Mills,* 129 Ga. App. 350, supra; *National Union Fire Ins. Co. v. Johnston,* 122 Ga. App. 332 (3) (177 SE2d 125).

A different theory is applied in a case where the claimant is injured and draws compensation under an agreement or award and subsequently returns to his employment, and that as the result of performing his normal duties his condition gradually grows worse to the point he is no longer able to continue in his employment. Under these circumstances the claimant has had a change in condition and not a "new accident." *St. Paul Fire &c. Ins. Co. v. Hughes,* 125 Ga. App. 328 (187 SE2d 551);

*Central State Hospital v. James,* 147 Ga. App. 308.

This case is reversed with direction that it be remanded to the State Board of Workers' Compensation with direction that a new award be entered in accordance with that which is held in this opinion.

*Judgment reversed with direction. Webb, J., concurs. McMurray, J., concurs in the judgment only.*

ARGUED SEPTEMBER 7, 1978 — DECIDED
OCTOBER 25, 1978.

*Ogden Doremus, Bobby Jones,* for appellants.
*Hawkins & Messner, William E. Hawkins, James A. Messner, Kelly, Denney, Pease & Allison, Ronald W. Self,* for appellee.