71607. ZURICH INSURANCE COMPANY v. CHESHIRE et al.
(343 SE2d 753)

DEEN, Presiding Judge.

In September 1981 appellee Cheshire, an employee of a poultry processing plant, injured her right arm when she fell from a platform on which she was standing to perform her duties. She was sent to a local hospital for treatment and returned to work the next day. She neither applied for nor received workers' compensation benefits. At this time appellant Zurich Insurance Company (Zurich) was the workers' compensation carrier for her employer.

Within a short time appellee began to experience pain in both her arms and to have difficulty in grasping and holding the chicken parts which her job required that she handle. She was transferred to a job requiring different arm and wrist movements, but by March of 1982 she was having severe pain and difficulty in performing that job, as well. On April 7, 1982, a neurologist, a Dr. Prince, to whom Ms. Cheshire had been referred by a company-approved physician, made a diagnosis of carpal tunnel syndrome, a condition involving the wrists, which was subject to aggravation by repetitive wrist movements such as those required by her job assignments. Dr. Prince was of the opinion that there was no necessary causal connection between the injury to her right arm and the development of the syndrome. He ordered her to stay off the job for three weeks, during which time her condition improved appreciably. Upon her return to work her condi-

tion worsened, and the wrist splints prescribed by Dr. Prince afforded only minimal relief. Another approved physician diagnosed Ms. Cheshire's problem as thoracic outlet syndrome, a disorder manifesting symptoms similar to those accompanying carpal tunnel syndrome and differing from the latter chiefly in that the neck and arm, rather than the wrist, are affected; according to medical evidence in the record, both conditions would be aggravated by the sort of arm and wrist movements required by both Ms. Cheshire's job assignments. In July 1982 appellee found it impossible to continue working, and in September 1982 she filed a workers' compensation claim, which was controverted by her employer and appellee Commercial Union Insurance Co. (Commercial Union), which on April 1, 1982, had replaced Zurich as the employer's workers' compensation carrier.

An Administrative Law Judge (ALJ) found that appellee Cheshire had suffered a "new injury" and was entitled to income benefits, and ordered Commercial Union to pay both income benefits and medical expenses. This award was appealed to the State Board of Workers' Compensation, which after *de novo* review adopted the ALJ's findings and conclusions and found, additionally, that there had also been a "new injury" on April 7, 1982, the day Dr. Prince had ordered Ms. Cheshire to take time off from work. The Board's award was in turn appealed to the Cherokee County Superior Court, which reversed, holding that the legal theory set forth in *Liberty Mut. Ins. Co. v. White*, 139 Ga. App. 85 (227 SE2d 886) (1976), and *Hartford Ins. Group v. Stewart*, 147 Ga. App. 733 (250 SE2d 184) (1978), on which the ALJ had relied in finding a new injury and holding Commercial Union liable, applied only when the statute of limitations had run. Because the statute had not run when Ms. Cheshire filed her claim, the court held that there was no new injury and that Zurich, as the carrier at the time when Ms. Cheshire injured her right arm, was therefore liable for income benefits and medical expenses. Zurich applied for a discretionary appeal of this order, and we granted the application. Enumerated as error are the trial court's holding that the legal theory of "new accident" applies only when there is a statute of limitations problem, and the court's substituting its judgment of the facts for that of the Board, in contravention of the "any evidence" rule. *Held*:

1. Scrutiny of the record and relevant case law indicates that appellant's first enumeration of error is controlled favorably by *Liberty Mut. Ins. Co. v. White* and *Hartford Ins. Group v. Stewart*, supra, both of which are strikingly similar in their facts to those of the instant case. In *White*, this court held, at 87, that "a new injury occurred on the date that the claimant was unable to continue in her employment because of an aggravation of the pre-existing condition." In *Stewart*, the court, at 734, reiterated *White's* definition of "new

injury" and elaborated as follows: " '[N]ew accident theory cases' only apply in those instances where the claimant is injured and goes back to work . . . without any agreement or award as to that injury having been approved or issued by the State Board of Workers' Compensation. . . . [T]he date of the 'new accident' is the date that the injury manifested itself, that is, the date the claimant is forced to cease his employment. . . . A different theory is applied in a case where the claimant is injured and draws compensation under an agreement or award and subsequently returns to his employment, and that as the result of performing his normal duties his condition gradually grows worse to the point he is no longer able to continue in his employment. Under these circumstances the claimant has had a change in condition and not a 'new accident.' " In neither *White* nor *Stewart* was there a statute of limitations problem.

As noted in the order of the Superior Court, the instant case on its facts essentially satisfies the criteria of *White* and *Stewart*; the order goes on to state, however, that "the statute of limitations element is missing from the facts *sub judice*," and concludes by finding no "new injury" and holding Zurich liable because it was the carrier in September 1981, the date of the arm injury. Because, as we pointed out, supra, there was no statute of limitations issue involved in either *White* or *Stewart*, we must conclude that the court below applied erroneous criteria in holding as it did, and that appellant's first assignment of error has merit.

2. It is well settled that the superior court, when sitting as an appellate body, as it does when hearing appeals from rulings of state agencies, is bound by the "any evidence" rule. In the case *sub judice* there is ample competent evidence of record to support the Board's award. Appellant's second enumeration is also meritorious, and the judgment of the court below must be reversed.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED MARCH 19, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*Charles B. Zirkle, Jr., Susan E. Lowe,* for appellant.
*Richard C. Fransworth, Sandra K. Bell, Mark S. Gannon,* for appellees.