75655. NORTHBROOK PROPERTY & CASUALTY INSURANCE COMPANY v. BABYAK et al.
(367 SE2d 567)

DEEN, Presiding Judge.

Appellee Babyak sustained a head injury on March 12, 1985, when struck by a steel beam while working his regular job for appellee Crowe Manufacturing Company. Other than taking the afternoon

off to obtain medical attention, he lost no time from work, and he filed no claim for Workers' Compensation benefits. According to his testimony, however, he continued to experience pain in his back and jaw, especially when doing the bending and lifting required by his job. On May 13, 1985, he gave two weeks' notice of his intention to quit the job. On the next day, however (May 14, 1985), Babyak had a dispute with his supervisor and left the job site. He subsequently filed a claim for Workers' Compensation benefits. At the time of the March 12 incident, appellant Northbrook Property & Casualty Insurance Company (Northbrook) was Crowe's Workers' Compensation carrier; before Babyak quit his job, however, appellee Liberty Mutual Insurance Company (Liberty Mutual) became the carrier.

The administrative law judge (ALJ) who heard the claim found that on the day Babyak gave notice that he was leaving the job (May 13), he had sustained a change in condition with relationship to the injury of March 12. Northbrook was ordered to pay benefits but appealed the award to the full Workers' Compensation board, alleging that the May incident constituted a "new accident" rather than a "change in condition" and that it was Liberty Mutual which had the responsibility for paying any benefits that might be due. The board affirmed the ALJ's award, adopting her findings of fact and conclusions of law. The Superior Court of DeKalb County, applying the "any evidence" standard of appellate review, affirmed. We granted a discretionary appeal to determine whether, as a matter of law, the superior court erred in affirming the board's award for a "change in condition." *Held*:

The record reveals that, prior to the March 12 injury, claimant Babyak had occasionally worked with musical groups, assisting them in setting up their instruments and transporting them from job to job, and that he continued to engage in such employment from time to time both after the occurrence of the March injury and after leaving Crowe's employ in May. According to the record, diagnostic procedures performed after the May incident revealed disc abnormalities which could have resulted from the blow from the steel beam and also could have been the source of the pain and discomfort experienced on the job subsequent to the March injury; none of the diagnostic or therapeutic treatment subsequent to the May incident was paid for by the employer or his workers' compensation insurer. The record further reveals that the ALJ found Babyak fully disabled as of the May date but expressly found that he had not sustained the burden of proving a new injury in May. This finding is corroborated by Babyak's own testimony that no specific "physical" event had occurred in May which caused him to decide to leave the job. The record further shows that, according to Babyak's supervisor's testimony, claimant on May 13 in no way attributed to the March 12 injury his

decision to resign. It is undisputed that Babyak has received no workers' compensation benefits in association with the March 12 injury.

Whether an employee's inability to continue working has been caused by a new accident or a change in condition is a question of fact for the administrative law judge. *United States Fid. &c. Co. v. Reynolds*, 146 Ga. App. 615 (247 SE2d 199) (1978). A necessary factual predicate to a determination that a "change in condition," rather than a "new injury" (or "new accident"), has occurred is that there has previously been an award (or equivalent) for the injury whose worsening has produced the present disability. "[T]he term 'change in condition' means a change in the wage-earning capacity, physical condition, or status of an employee . . . , which change must have occurred after the date on which the wage-earning capacity, physical condition, or status of the employee . . . was last established by award or otherwise." OCGA § 34-9-104 (a). In cases where a claimant is injured and receives workers' compensation benefits, but subsequently returns to work and then undergoes a gradual worsening of his condition to the point where he is no longer able to perform his ordinary work, he has undergone a "change in condition." *Hartford Ins. Group v. Stewart*, 147 Ga. App. 733, 734 (250 SE2d 184) (1978). See also *Central State Hosp. v. James*, 147 Ga. App. 308, 310 (248 SE2d 678) (1978); *Zurich American Ins. Co. v. Sargent*, 147 Ga. App. 672 (250 SE2d 11) (1978). "A claim for a 'change of condition' is a claim for *additional* compensation under the original award." (Emphasis supplied.) *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 391 (288 SE2d 654) (1982).

Statutory and case law thus make it clear that a "change in condition" can occur only when the claimant has previously received benefits for a compensable job-related injury. OCGA § 34-9-104 (a); *Central State Hosp. v. James*, supra; *Hartford Ins. Group v. Stewart*, supra; *Hartford Accident &c. Co. v. Troglin*, 148 Ga. App. 715 (252 SE2d 213) (1979); *Zurich American Ins. Co. v. Sargent*, supra. Because claimant in the instant case never received workers' compensation benefits for his original on-the-job injury, then, by definition, he cannot have undergone a "change in condition," and the administrative law judge's finding that Babyak had sustained a "change in condition" is erroneous as a matter of law.

An initial claim for compensation filed within one year of the occurrence of an original job-related incident of which the employer has received timely notification is properly classified as an "accident." *Dairymen, Inc. v. Wood*, 162 Ga. App. 430 (291 SE2d 763) (1982). Babyak's injury, duly reported to the employer, occurred in March 1985, when Northbrook was the employer's workers' compensation carrier. Therefore, the result is the same, and we affirm on the principle of "right for any reason."

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1988 —
REHEARING DENIED MARCH 14, 1988 —

*Ann B. Conn, John G. Blackmon, Jr.*, for appellant.
*Michael D. Usry, Jack O. Morse*, for appellees.