A89A2019. LOCKHEED MISSILES & SPACE COMPANY, INC. et al. v. BOBCHAK et al.
(390 SE2d 82)

BANKE, Presiding Judge.

The claimant in this workers' compensation case sustained an osteochondral fracture to his left knee on August 10, 1987, while employed as a laborer for W. H. Gross Construction Company. He underwent arthroscopic surgery as treatment for this injury and was paid disability benefits until October 12, 1987, when he began working for Lockheed Missiles & Space Company. On February 25, 1988, he noticed a "tired and weak feeling" in the knee after climbing and descending a ladder at Lockheed. By that evening the knee had become painful and swollen, resulting in further disability and, eventually, the need for additional surgery.

At issue in this appeal is whether the knee impairment which the

claimant experienced at Lockheed must, as a matter of law, be considered the result of a new accident, with the result that Lockheed would be required to provide compensation for it, or whether it may instead be treated as a change in condition for which Gross Construction Company would be responsible. Based on findings that the claimant's "employment duties at Lockheed were not more strenuous as compared to the heavy labor type work he engaged in with W. H. Gross" and that "[n]o incident occurred that aggravated claimant's prior injured knee," the administrative law judge concluded that the claimant had experienced a change in condition. The full board affirmed; however, the superior court reversed, concluding that the record was "totally devoid of any evidence of a gradual worsening of claimant's condition as a result of the activity connected with his normal duties for the four and one-half month period immediately prior to the ladder incident," and further concluding that there was "no evidence whatever . . . to support the board's conclusion that no specific incident occurred aggravating the claimant's previous injury." The case is before us pursuant to our grant of Lockheed's application for discretionary appeal. See generally OCGA § 5-6-35. *Held*:

1. "[W]here there is no actual new accident, ordinarily the distinguishing feature that will characterize the disability as either a 'change of condition' or a 'new accident' is the intervention of new circumstances. If the claimant leaves the old employer and goes to work in a different environment with a new employer, there are new circumstances with a new employer; and this is particularly true when the activity performed for the new employer exceeds the limits of the light duty offered by the old employer." *Certain v. U. S. Fidelity &c. Co.*, 153 Ga. App. 571, 573 (266 SE2d 263) (1980).

The claimant in *Certain* had been injured while performing strenuous work for his original employer. He was later given a light-duty job assignment by that employer but left that assignment almost immediately to begin working for a new employer. "For [the next] five months, he worked at the same type strenuous work which he had been medically forbidden to do at the first employer's, and from which he had been relieved to perform light work duties. After five months, although he did not have an actual new accident, his condition worsened so that he again became totally disabled. . . ." Id. at 572. We held that under these circumstances his disability must, as a matter of law, be considered the result of a fictitious "new accident" rather than a change in condition.

Subsequently, in *Beers Constr. Co. v. Stephens*, 162 Ga. App. 87, 90 (290 SE2d 181) (1982), we emphasized that "[t]he decision in *Certain* that the claimant had suffered a new accident and not a change of condition was not controlled by the mere fact that the claimant was employed by a new employer in a different environment but by

the additional new circumstances that the work performed for the second employer exceeded the limits of light work duties offered by the previous employer." We also emphasized in *Beers* that "a 'specific incident' is not [a] prerequisite to a finding of new accident. . . ." Id. at 91, citing *Blackwell v. Liberty Mut. Ins. Co.*, 230 Ga. 174, 175 (196 SE2d 129) (1973). By the same token, we do not believe that in all cases where the worsening of a pre-existing condition can be traced to a "specific incident" occurring on the new job, that incident must necessarily be considered a "new accident." Rather, the determinative inquiry is whether the circumstances associated with the incident and with the new employment in general were "such as to independently aggravate the condition" or whether the renewed impairment instead resulted from the "wear and tear of ordinary life in connection with performance of *normal* duties. . . ." *Beers*, supra at 90-91.

As previously indicated, the administrative law judge in this case found that "[c]laimant's employment duties at Lockheed were not more strenuous as compared to the heavy labor type work he had performed for W. H. Gross." Furthermore, although the claimant stated that his knee had been improving prior to the ladder incident, he acknowledged that he had continued to experience pain and stiffness in it; and one of the physicians who examined him subsequent to the incident testified: "My experience with those people who have sustained large osteochondral fractures is that they never return to their steady state and may periodically need an arthroscopic debridement every two to five years." As for the ladder-climbing incident itself, it appears to have been completely uneventful. There is no suggestion that the claimant was carrying a heavy object at the time, nor is there any indication that he twisted the knee or otherwise sustained any unusual trauma to it as a result of the climbing. We hold that even though the administrative law judge may have been authorized under these circumstances to conclude that the claimant had experienced a "new accident," he was also authorized to conclude that the claimant had undergone a change in condition, with the result that the superior court erred in substituting its judgment on this issue for that of the board. See generally *Atkinson v. Home Indem. Co.*, 141 Ga. App. 687 (234 SE2d 359) (1977).

2. The appellees urge that in the event the judgment of the superior court is reversed, the case should be remanded for a determination of whether or not the administrative law judge made a misstatement of significant testimony when he found as a fact that "[t]he ladder climbing was a part of claimant's ordinary work." It is contended that this finding conflicts with the claimant's undisputed testimony that he had not previously climbed any ladders in connection with his work at Lockheed but had climbed only stairs. However, we do not interpret this statement by the administrative law judge as a

finding that the claimant was routinely required to climb ladders at Lockheed; rather, we interpret it to mean simply that the incident occurred while he was engaged in the performance of his ordinary and usual duties there. In any event, regardless of how many ladders the claimant had climbed at Lockheed, there was no indication that the demands placed on his weakened knee by his job responsibilities at Lockheed exceeded those which would have been placed on the knee had he returned to work for his prior employer, where he had also been required to climb ladders. Consequently, we do not believe the administrative law judge's finding in this regard can be considered unfavorable to the appellees, regardless of how it is interpreted.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 3, 1990.

*Marvin W. McGahee*, for appellants.

*Eddings & Berry, Phillip M. Eddings, Edwin G. Russell, Jr.*, for appellees.