A90A0572. COLUMBUS INTERMEDIATE CARE HOME, INC. et al. v. JOHNSTON et al.
(396 SE2d 268)

COOPER, Judge.

This workers' compensation case involves a dispute between two insurance companies as to the responsibility for the compensation payments due appellee Johnston. Johnston, an employee of appellant Columbus Intermediate Care Home, Inc. ("CICH") was originally injured on March 10, 1984, when an oxygen tank fell on her, causing severe shoulder injury and necessitating surgery. At that time, workers' compensation coverage was provided to CICH by appellee U. S. Fire Insurance Company ("U. S. Fire"). Johnston's claim was accepted and she received weekly benefits until she returned to work on February 1, 1985 on a "light duty" restriction. Johnston continued working until February 1986 when she was out with shoulder problems until April 1986; she then worked from April 1986 until April 24, 1987, when she was called upon to perform CPR on a pa-

tient. After Johnston completed the repetitive chest compressions on the patient, she began to experience chest pains, yet worked intermittently until the beginning of May 1987. During this period from April 24 to the beginning of May, Johnston experienced severe neck and shoulder pain and her inability to return to work commenced on May 8, 1987. Johnston was subsequently terminated from her position at CICH. In September 1985 appellant Aetna Casualty & Surety Company ("Aetna") replaced U. S. Fire as the workers' compensation coverage provider for CICH. After the April 1987 incident and her subsequent disability, Johnston filed for compensation pursuant to the original injury and the record indicates that U. S. Fire acknowledged and paid weekly benefits from June 2, 1987, until a notice to controvert the payments dated October 30, 1987, was filed with the board on November 4, 1987.

In response to a request by U. S. Fire and CICH, the ALJ issued an Interlocutory Order on April 5, 1988, directing U. S. Fire to continue to pay benefits to Johnston from May 8, 1987, subject to a right of reimbursement from Aetna should it be determined that U. S. Fire was not liable for those benefits. In January 1989, the ALJ determined that Johnston experienced a new accident in May 1987, that Aetna was responsible for all payments arising from this accident, and that OCGA § 34-9-221 (h) was not a statutory limitation against U. S. Fire in the posture of this case. The full board accepted the findings, conclusions and award of the ALJ in July 1989. Although a hearing was held on the appeal to the Superior Court of Muscogee County, no award was issued within twenty days of that date, therefore it appears that the full board's award was affirmed by operation of law pursuant to OCGA § 34-9-105 (d).

1. Appellants' first two enumerations of error contest the ALJ's determination that OCGA § 34-9-221 (h) does not apply in the instant case. OCGA § 34-9-221 (h) states that "[w]here compensation is being paid without an award, *the right to compensation* shall not be controverted . . . unless notice to controvert is filed . . . within 60 days of the due date of first payment of compensation." (Emphasis supplied.) This court, in *Carpet Transport v. Pittman*, 187 Ga. App. 463 (1) (370 SE2d 651) (1988), held that the statute serves as a statute of limitation on the employer's right to controvert when the employer/insurer has begun voluntary payments "and [has] thereby at least implicitly acknowledged the underlying compensability of the employee's injury." Id. at 467. The holding in *Carpet Transport* was predicated on the protection of "the employee's right to continued compensation from attack by the employer/insurer. . . ." Id. at 467. In the posture of the instant case, the employee's right to compensation is not being challenged by any of the parties. The issue is which company is responsible for those payments. In such a situation, the

protections advocated and the rationale utilized in *Carpet Transport* are inapplicable and the 60-day statute of limitation should not reach a controversy between two insurance companies wherein the compensability of the claimant's injury goes unchallenged. This holding does not at all conflict with *Carpet Transport* wherein the insurance company was controverting the claimant's right to receive benefits. The ALJ's statement that Aetna did not have status to raise OCGA § 34-9-221 (h) in bar of the proceeding seems to us merely a restatement of his conclusion that the statute was simply inapplicable to a dispute between two companies, and consequently does not constitute error.

2. Appellants' third enumeration asserts error in the ALJ's finding that the April 24, 1987, incident constituted a new accident and that Johnston's continued work thereafter aggravated a pre-existing condition. "Whether an employee's inability to continue working has been caused by a new accident or a change in condition is a question of fact for the administrative law judge." *Northbrook &c. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988). In reviewing this determination, reviewing courts are bound by the any evidence rule. *United States Fidelity &c. Co. v. Reynolds*, 146 Ga. App. 615 (2) (247 SE2d 199) (1978). "[A] 'new accident' may result either from a gradual worsening of a pre-existing injury due to aggravation by work duties or from the occurrence of a specific job-related incident. . . . [Cit.]" *Paideia School v. Geiger*, 192 Ga. App. 723 (2) (386 SE2d 381) (1989). See *Central State Hosp. v. James*, 147 Ga. App. 308 (a) (248 SE2d 678) (1978). Reviewing the chronology of the case, the medical testimony and the claimant's own description of her disability, there is evidence to support the ALJ's conclusion that the intervening CPR incident was a new accident which obligated the carrier at that time, Aetna.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

## ON MOTION FOR REHEARING.

In the motion for rehearing, appellants raise an equal protection argument for the first time. Since this argument was not raised previously in their enumeration of errors, we do not have jurisdiction to consider it on rehearing. *Sanders v. Hughes*, 183 Ga. App. 601 (4) (359 SE2d 396) (1987).

*Motion for rehearing denied.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 25, 1990 — CERT. APPLIED FOR.

*Cone & Shivers, Donald M. Shivers*, for appellants.

*Byars & Wilder, W. Alexander Byars, Kissiah & Associates, Michael F. Antonowich*, for appellees.