## A98A0134. GUARANTEE MUTUAL INSURANCE COMPANY v. WADE INVESTMENTS et al.
### (499 SE2d 925)

SMITH, Judge.

In this workers' compensation case, the employer changed workers' compensation carriers after the claimant/employee developed carpal tunnel syndrome but before that condition became disabling. The issue presented in this appeal is which insurer is responsible for payment of the claim.

Mary Ann Duckett was employed as a valet manager for a dry cleaning business. In August 1993, she sustained a compensable neck injury at work, at which time Wausau Insurance Company provided workers' compensation coverage for the employer. Duckett returned to work in October 1994, keying customer and inventory data for the employer's dry cleaning business on a computer keyboard.

Duckett eventually began experiencing problems with her hands, and in October 1995, she was diagnosed with bilateral carpal tunnel syndrome. In January 1996, her treating physician recommended carpal tunnel release surgery, but Duckett declined that treatment. Her condition worsened, however, to the point that on March 27, 1996, she had to quit working because of the pain in her hands and neck. She then filed a claim for temporary total disability benefits based on the injury to her hands and arms.

From December 16, 1993, until December 16, 1995, the period of time during which Duckett first developed carpal tunnel syndrome, Guarantee Mutual Insurance Company was the employer's workers' compensation carrier. Since December 16, 1995, Gerber Life Insurance Company has been the carrier. (Prior to the hearing on her claim, Duckett settled any possible claim she had with respect to Wausau Insurance Company.)

Following hearing in the matter, the ALJ found that Duckett's carpal tunnel syndrome resulted from the performance of her job duties, and that although Duckett first developed the condition during the period that Guarantee Mutual provided workers' compensation coverage, she did not become unable to work because of it until March 27, 1996, when Gerber Life was the carrier. For that reason, the ALJ concluded that Duckett sustained a new accident and injury

as of March 27, 1996, and Gerber Life was responsible for the claim. See *Zurich Ins. Co. v. Cheshire*, 178 Ga. App. 539, 540-541 (1) (343 SE2d 753) (1986).

The appellate division upheld that determination. However, the superior court reversed and found instead that Guarantee Mutual was liable for the claim because it was the employer's workers' compensation carrier at the time Duckett first developed carpal tunnel syndrome. The superior court further observed that there was no finding that a new injury had occurred after Gerber became the carrier.

It is undisputed that although Duckett did not literally sustain a new injury on March 27, 1996, she became unable to work on that date. When a worker is injured on the job but continues to work until he or she is forced to quit working because of a gradual worsening of the condition attributable to continuing to work subsequent to the injury, a fictional "new accident" occurs as of the date the disability manifested itself. *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (248 SE2d 678) (1978).

" 'New accident theory cases' only apply in those instances where the claimant is injured and goes back to work without any agreement or award as to that injury having been approved or issued by the State Board of Workers' Compensation. The date of the 'new accident' is the date that the injury manifested itself, that is, the date the claimant is forced to cease his employment." (Punctuation omitted.) *Cheshire*, supra at 541 (1).

Contrary to the superior court's holding, the ALJ specifically found that Duckett sustained a new accident and injury on March 27, 1996. That factual and legal conclusion was authorized by the evidence of record and this Court's holdings in *James* and *Cheshire*. Accordingly, as Duckett's compensable injury occurred on March 27, 1996, the State Board properly found Gerber Life responsible for payment of the workers' compensation claim based on that injury.

In concluding otherwise, the superior court misplaced its reliance upon *Lockheed Missiles &c. Co. v. Bobchak*, 194 Ga. App. 156 (390 SE2d 82) (1990), and *Northbrook Property &c. Ins. Co. v. Babyak*, 186 Ga. App. 339 (367 SE2d 567) (1988). *Bobchak* involved the issue of whether the aggravation of an employee's earlier knee injury, for which he previously received workers' compensation benefits from a former employer, constituted a change in condition or a new injury, and this Court noted that the evidence authorized a finding either way. Id. at 158 (1).

*Babyak* involved an award of benefits based on a change in condition for an employee who continued to work for a period of time after sustaining a work-related injury. On appeal, this Court rejected both (1) the notion that a "change in condition" occurred, because the

employee had not previously received benefits for a compensable injury, and (2) the notion that a fictional new injury occurred as of the date the employee ceased working, because the decision to quit working was not caused by a gradual worsening of his condition attributable to continuing to work after the actual injury. This Court upheld the award, but only because the evidence authorized the claim as one based on the original injury date. Id. at 341. In short, *Bobchak* was a change in condition case, *Babyak* was an initial injury case, and both are inapposite here.

Whether an employee's inability to continue working is caused by a new accident or by a change in condition is a question of fact for the ALJ, and such a finding of fact may not be disturbed on appeal if any evidence supports it. *Columbus Intermediate Care Home v. Johnston*, 196 Ga. App. 516, 518 (2) (396 SE2d 268) (1990). The factual issue presented in this case actually concerned the *date* of Duckett's compensable injury, not whether the disability resulted from a change in condition as opposed to a new injury. But the principle is the same, and the State Board found as fact that Duckett experienced a new accident as of March 27, 1996. The evidence supports and the law allows that finding, and the superior court erred in substituting its own finding and in reversing the State Board's award.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 20, 1998.

*Hawkins & Parnell, Charles R. Beans, Roger M. Goode*, for appellant.

*Sligh, Presmanes & Jackson, Gregory T. Presmanes, James G. Jackson, William A. Byars*, for appellees.