## A99A0654. BIBB COUNTY v. SHORT.
### (518 SE2d 484)

BARNES, Judge.

Bibb County appeals a superior court decision granting Ricky Short's workers' compensation claim. Short sought benefits for a psychological impairment he attributed to a physical injury sustained on the job, and the administrative law judge (ALJ) and appellate division denied the claim on the ground Short failed to establish a compensable psychological injury. The superior court found otherwise and reversed. We granted Bibb County's discretionary appeal to determine whether the superior court erred by substituting its factual findings for those of the State Board. We conclude the superior court erred and reverse.

Short was employed by the Bibb County Board of Commissioners in a security position at Lake Tobesofkee. On July 5, 1994, because of flooding conditions in the Macon area, Short's supervisor instructed him to go to the lake to help prevent flood damage. The assignment angered Short because of the increased risk of injury. While on the lake's dam, a steel door fell on Short's feet and fractured two toes of his right foot.

Short received workers' compensation while recovering from the injury to his toes. He eventually recovered from his foot injury but became increasingly anxious and depressed, and he was hospitalized several times because of alcohol abuse and psychological problems. After his toes healed, Short returned to work but his attendance and performance were erratic. His relationship with his supervisor and coworkers became more confrontational, and eventually his supervisor obtained a temporary restraining order prohibiting Short from threatening him. Short then agreed to a voluntary injunction prohibiting him from ever working at Lake Tobesofkee or threatening his former supervisor again.

On December 31, 1995, Bibb County granted Short's application for a disability retirement. Short subsequently sought reinstatement of workers' compensation benefits based on a change in condition, i.e., a psychological disability he attributed to the incident of July 5, 1994.

[A] claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treatment which, while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma. The physical injury need not be the precipitating cause of the psychic trauma; it is compensable if the physical injury contributes to the continuation of the psychic trauma.

*Southwire Co. v. George*, 266 Ga. 739, 741-742 (470 SE2d 865) (1996).

In finding Short's psychological problem was not compensable, the ALJ and appellate division relied upon the independent medical examination of Short by a board-certified psychiatrist, who diagnosed mixed personality disorder with passive/aggressive features and depression, and who emphasized Short's psychological profile was longstanding and preceded the July 5, 1994 accident. In concluding otherwise, the superior court relied upon other medical evidence attributing Short's psychological disability in part to the anger he developed over the work assignment that led to his physical injury.

The 1994 amendment to OCGA § 34-9-103 (a) did not change the standard of review to be applied by the superior court in reviewing the findings of the appellate division. On appeal of an award or denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact, and when sitting as an appellate body, it is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight of the evidence or the credibility of the witnesses. [Cit.]

*Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997).

In this case, as there was some medical evidence supporting the State Board's decision that Short's compensable foot injury did not precipitate or contribute to the continuation of his psychological disability, the superior court erred in not accepting that finding and in reversing the State Board's decision.

*Judgment reversed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1999.

*Sell & Melton, John A. Draughon, Lauren L. Benedict*, for appellant.

*Dozier, Lee, Graham & Sikes, Joel M. Grist, Jr.*, for appellee.

*Haynsworth, Baldwin, Johnson & Greaves, Melisa L. Bodnar, Gardner, Willis, Sweat & Goldsmith, Robert D. Goldsmith, Christopher T. Ross*, amici curiae.