## A99A1140. GEORGIA-PACIFIC CORPORATION v. WILSON.
(522 SE2d 700)

ELLINGTON, Judge.

The discretionary appeal in this workers' compensation case was granted to determine if the superior court erred in reversing an award of the State Board of Workers' Compensation. For the following reasons, we reverse.

In March 1996, after a full hearing, the administrative law judge determined that Wilson sustained a compensable injury in February or March 1994 "when the repetitive motion required by her trim saw operating job caused her to acquire [carpal] tunnel syndrome." Notwithstanding this injury, from March 1994 to October 1994, Wilson continued to perform an unrelated part-time job with another employer in which she cleaned offices five nights per week for four hours each night. In reaching a decision to limit benefits, the ALJ noted that he did "not find credible [Wilson's] assertions that she could not perform the job duties [offered to her by Georgia-Pacific]." Nevertheless, on March 15, 1996, the ALJ directed Georgia-Pacific to pay reasonable medical expenses and closed-end weekly benefits from February 7, 1995 through June 9, 1995, benefits attributable to corrective surgery performed on Wilson's right wrist for carpal tunnel syndrome. The ALJ specifically found that "any continuing problem the employee has in her wrists . . . is unrelated to her compensable injury."

About a year and a half after this award, Wilson requested a change in condition hearing to seek a resumption of income benefits, beginning on and continuing from March 6, 1997. The ALJ, who heard the witnesses and sifted through the evidence, was the same judge who presided at the previous hearing. He determined that Wilson had recovered from her right wrist surgery not later than June 9, 1995. Although Wilson apparently did have reflex sympathetic dystrophy ("RSD"), the ALJ decided that the cause or origin of this RSD remained unknown. He specifically determined that there was no evidence persuasively linking the RSD to the compensable injury. The ALJ noted, "I find that none of the medical evidence has shown that the condition in the employee's hands since the date of the last hearing is connected to her workers' compensation injury." The judge further determined:

> I have found that the physical condition that the employee has is unrelated to her compensable injury. Thus, if her depression is caused by her physical condition, I find that it is not related to the compensable injury. I find support from Dr. Nagelberg's credible opinion.

The ALJ found that Wilson failed to prove the requisite linkage between her original injury and the later-appearing RSD or that her psychological problems were not attributable to non-injury-related factors. Based on these findings, the ALJ refused to find a change in condition and denied the claim for medical expenses.

The appellate division examined the evidence and determined that the "findings of fact of the ALJ are supported by a preponderance of competent and credible evidence contained within the record on review." The appellate division then adopted the award of the ALJ as its own.

Wilson appealed to the superior court. She claimed that her mental disability arose naturally and unavoidably from the carpal tunnel syndrome. She contended that she was currently disabled due to an emotional disorder which was either triggered by or exacerbated by her physical injury. She argued that the ALJ erred by failing to find that she was disabled as a result of her psychological condition and that her RSD was not related to her compensable injury.

The superior court decided that, "The fact that [her] current hand and wrist impairment has been found to be medically unrelated to her compensable injury does not establish that her current psychiatric problems were not triggered by that injury." In examining the evidence, the court decided the question was, "whether a work-related injury was one of a series of physical mishaps which, in combination, triggered or exacerbated a mental condition that resulted in disability." The court reversed, finding,

> There is not sufficient evidence of record to sustain the administrative conclusion Appellant's disabling emotional condition was precipitated by non-work related medical problems that affected her hands and wrists. There is uncontroverted evidence her disabling emotional condition was caused by an unbroken series of medical problems with her hands and wrists, the first of which was work related and compensable.

Enumerating three errors, Georgia-Pacific appeals that judgment.

1. Georgia-Pacific contends that the superior court erred by disregarding the "any evidence" standard of review applicable in workers' compensation cases.

When reviewing a workers' compensation award, the evidence must be construed in the light most favorable to the party prevailing before the appellate division. *Atlas Automotive v. Wilson*, 225 Ga. App. 631, 633 (1) (484 SE2d 669) (1997). When supported by any evidence, findings of fact by the Board are conclusive and binding on

reviewing courts, and judges lack authority to set aside an award based on disagreement with the Board's conclusions. *Gleaton v. Hazelwood Farms*, 214 Ga. App. 825, 826 (449 SE2d 170) (1994). Further, whether an employee's inability to continue working is caused by a change in condition is a question of fact for the ALJ, and such finding of fact may not be disturbed on appeal if any evidence supports it. *Columbus Intermediate Care Home v. Johnston*, 196 Ga. App. 516, 518 (2) (396 SE2d 268) (1990).

As the party seeking the change in condition, Wilson bore the burden of proof on that issue. *Maloney v. Gordon County Farms*, 265 Ga. 825, 828 (462 SE2d 606) (1995); see OCGA § 34-9-104. The term "change in condition" means a subsequent "change in the wage-earning capacity, physical condition, or status of an employee" (after the date of an award). OCGA § 34-9-104 (a) (1). To obtain benefits based on a change in condition,

> a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations *attributable to that injury*; and has made a diligent, but unsuccessful effort to secure suitable employment following termination.

(Emphasis supplied.) *Maloney*, 265 Ga. at 828. Thus, Wilson bore the burden of proving that her alleged change in condition was proximately caused by her previous compensable injury, the carpal tunnel problem in her right wrist, or that the change in condition was attributable to that injury pursuant to *Maloney*, supra.

The ALJ found that Wilson, who had the burden of proof, failed to establish that her psychological problems arose out of an accident in which a compensable physical injury was sustained. Compare *Wilson*, 225 Ga. App. at 634 (1) (major depressive disorder worsened by inability to fully recover from back injury suffered at work). A psychological injury is compensable only "if it arises ' "naturally and unavoidably" . . . from some discernible physical occurrence.' [Cit.]" *Southwire Co. v. George*, 266 Ga. 739, 741 (470 SE2d 865) (1996).

> [A] claimant is entitled to benefits under the Workers' Compensation Act for mental disability and psychic treatment which, while not necessarily precipitated by a physical injury, arose out of an accident in which a compensable physical injury was sustained, and that injury contributes to the continuation of the psychic trauma. The physical injury need not be the precipitating cause of the psychic trauma; it

is compensable if the physical injury contributes to the continuation of the psychic trauma.

*Abernathy v. City of Albany*, 269 Ga. 88-89 (495 SE2d 13) (1998).

While it is undisputed that Wilson suffers from ongoing psychological problems, the ALJ found evidence that the mental condition was the result of a multitude of factors not attributable to the compensable injury. In reaching that result, the ALJ specifically relied upon an independent medical (psychological) examination conducted by Daniel Nagelberg, Ph.D. Dr. Nagelberg found:

> [S]he evidently has long-standing unresolved conflicts related to her childhood. She was obviously becoming fragile and vulnerable for a number of years prior to her work-related injury (manifested by panic attacks and driving phobia). Ms. Wilson's depression is the result of a number of factors including chronic pain, unemployment, financial distress, inability to obtain Social Security benefits, and premorbid personality characteristics.

In concluding otherwise, the superior court relied upon other medical evidence. However, the court was not authorized to reweigh the evidence or to judge the credibility of the witnesses. *Bibb County v. Short*, 238 Ga. App. 291, 292 (518 SE2d 484) (1999). Rather, the findings of the Board must be affirmed by this court as well as by the superior court when the ALJ and the appellate division weigh the conflicting evidence of medical experts and credit one over the other. *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995). Since the record contains some evidence which supports the finding of the ALJ that Wilson failed to sustain her burden of establishing a change in condition, the superior court erred in substituting its own judgment and by reversing the State Board's award. *Guarantee Mut. Ins. Co. v. Wade Investments*, 232 Ga. App. 328, 330 (499 SE2d 925) (1998).

2. In light of the above holding, we need not reach the remaining enumerations of error.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED SEPTEMBER 21, 1999 — 

*Howard & Whatley, Molly M. Howard*, for appellant.
*Zipperer & Lorberbaum, Ralph R. Lorberbaum*, for appellee.