A00A2437. CYPRESS COMPANIES et al. v. BROWN.
(542 SE2d 544)

JOHNSON, Chief Judge.

In this appeal, Cypress Companies ("Cypress") and Safeco Insurance Company of America ("Safeco") contend that an erroneous theory of law was applied which resulted in Cypress being improperly compelled to pay workers' compensation benefits to its injured employee, Mary Jean Brown. Cypress and Safeco assert that the appellate division of the State Board of Workers' Compensation misapplied the "two-insurer" principle to the underlying facts or, in the alternative, failed to follow the "original injury" principle within the two-insurer line of cases. After reviewing the controlling law, we find no error and affirm.

When construed in a light most favorable to Brown, the party prevailing below, the evidence establishes the following facts.[1] Brown worked as a manager for different owners of Denny's Restaurants for nearly 17 years. On July 20, 1997, while carrying a tub of dishes, the floor beneath Brown suddenly caved in and Brown's right leg became wedged in some drain pipes. Nearly immediately, Brown experienced pain and swelling in her right knee. She obtained medical treatment at Howell Industrial Clinic. DenAmerica Corporation ("DenAmerica"), the restaurant owner and Brown's employer, paid for Brown's treatment. Brown's x-ray results were normal, and the clinic released her to return to regular duty work. Brown did not miss any time from work, nor did she seek income benefits.

About ten days later, DenAmerica sold the restaurant to Cypress. Cypress hired Brown as general manager, and Brown continued to work for the new owner performing virtually the same job duties. As general manager, she was required to work five 12-hour shifts per week. Over the next several months, the condition of her right knee worsened. By January 1998, Brown needed crutches to walk and was diagnosed as having a severe case of osteoarthritis. Brown ceased working on April 3, 1998, due to the heightened knee pain, and, on April 4, 1998, Dr. Jon E. Minter performed arthroscopic surgery. Brown returned to work for Cypress on June 5, 1998, but later underwent a right knee replacement procedure in November 1998, returning to work on January 29, 1999.

After the April 4, 1998 surgery, Brown sought medical and income benefits. While initially accepting Brown's claim as compensable, DenAmerica and its insurer, American Protection Insurance Company, decided to controvert it. They urged that Cypress, the employer at the time of the surgery, not DenAmerica, was responsible for providing workers' compensation benefits to Brown. At DenAmerica's behest, Cypress and Safeco were added as parties.

After a hearing, the administrative law judge ("ALJ") entered detailed findings. Fully recognizing the underlying dispute between the two employers and their respective insurers, the ALJ found that the greater weight of the evidence established that Brown sustained a nondisabling initial job-related injury on July 20, 1997, but then subsequently "suffered a fictional new accident on April 3, 1998." Observing that Brown's testimony seemed somewhat "inconsistent and confusing," the ALJ relied primarily upon Brown's medical records.[2] Citing various medical records from four physicians, as well as the testimony of Brown's surgeon, the ALJ determined that the

---

[1] See *St. Joseph's Hosp. v. Cope*, 225 Ga. App. 781, 783 (1) (484 SE2d 727) (1997).

[2] See *Metro Interiors v. Cox*, 218 Ga. App. 396, 398 (461 SE2d 570) (1995) (ALJ and appellate division may credit physician's testimony over that of claimant).

evidence established that the "pain in her knee appeared or worsened dramatically between October 1997 and January 1998." Based on a comprehensive review of Brown's medical records, the ALJ determined that "Brown sustained a fictional new accident on April 3, 1998 when she was forced to cease working as a result of her knee problems." The ALJ found Cypress responsible for benefits covering both the April and November surgeries because Cypress was the employer at the time of the fictional new accident. Cypress and its insurer, Safeco, were directed to reimburse DenAmerica for the amounts expended by DenAmerica from April 3, 1998 through and including June 5, 1998.

The appellate division of the State Board embraced the findings of the ALJ and adopted that award as its own. Cypress and Safeco then sought review by the superior court, where the case was affirmed by operation of law.[3] This appeal followed.

Cypress contends that the award must be reversed because it is based upon an erroneous legal theory.[4] Cypress claims that by failing to recognize that the facts established a two-employer case rather than a two-insurer case, the appellate division applied the wrong body of law. Cypress argues that when the proper legal analysis is applied to the underlying facts, DenAmerica, the employer at the time of the July 1997 work incident, is responsible for Brown's original injury and all subsequent knee problems. We disagree.

Whether the underlying facts in a workers' compensation case establish an accident, a change in condition, or a fictional new accident is a question of fact for the ALJ to determine.[5] When the record contains any evidence to support that factual finding, reviewing courts are bound by the any evidence rule.[6] Thus, absent a legal error, when any evidence supports the findings of the ALJ and appellate division, those findings must be affirmed.[7]

In *Central State Hosp. v. James*,[8] this Court distinguished between those disabilities resulting from a change in condition and those resulting from a new accident. When a claimant sustains an injury, is awarded compensation, returns to his normal and ordinary job duties, but then as a result of "the wear and tear of ordinary life and the activity connected with performing his normal duties," his

---

[3] See OCGA § 34-9-105 (b).

[4] See generally *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810, 812 (2) (466 SE2d 682) (1996).

[5] *Columbus Intermediate Care Home v. Johnston*, 196 Ga. App. 516, 518 (2) (396 SE2d 268) (1990); *Northbrook Property &c. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988).

[6] *U. S. Fidelity &c. Co. v. Reynolds*, 146 Ga. App. 615, 616 (2) (247 SE2d 199) (1978).

[7] See *Cox*, supra at 398.

[8] 147 Ga. App. 308, 309-310 (1) (248 SE2d 678) (1978).

condition gradually deteriorates to where he cannot continue to perform his ordinary work, such facts constitute a change in condition and not a new accident.[9] On the other hand, when a claimant is injured on the job but continues, without an agreement or award, to perform the duties of his employment until forced to cease work because of a gradual worsening of his condition that is at least partly attributable to his physical activity in continuing to work, such facts constitute a "new accident."[10] A new accident may result either from a gradual worsening of a pre-existing injury due to aggravation by work duties or from the occurrence of a specific job-related incident.[11]

In this case, it is undisputed that no agreement or award had been entered as a result of the July 1997 incident. So these facts do not constitute a disability resulting from a change in condition.[12] Therefore, Cypress's reliance upon change in condition cases involving two employers is misplaced. Since the change in condition analysis has no application, the two-employer cases cited by Cypress are not pertinent.[13] Despite Cypress's argument to the contrary, an initial claim for compensation based upon a gradual worsening of an employee's pre-existing and previously uncompensated work-related injury may be classified as a "new accident."[14] The date of the new accident is the date that the injury manifested itself, that is, the date the claimant was forced to cease her employment.[15]

Under strikingly similar facts set forth in *Guarantee Mut. Ins. Co. v. Wade Investments*,[16] this Court also affirmed the decision of the appellate division. In *Wade Investments*, an employee began experiencing symptoms of bilateral carpal tunnel syndrome but declined treatment and continued working. No income benefits were paid. About five months later, the employee's condition had worsened to the point where she had to quit working altogether.[17] This Court upheld a finding that the employee had sustained a new accident and injury as of the date when she became unable to continue to work, the date the disability manifested itself.[18]

Like the claimant in *Wade Investments*, Brown did not receive

---

[9] Id. at 309-310 (1) (c).

[10] Id. at 309 (1) (a); see *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 391 (288 SE2d 654) (1982).

[11] *Paideia School v. Geiger*, 192 Ga. App. 723, 724 (2) (386 SE2d 381) (1989).

[12] See *Zurich Ins. Co. v. Cheshire*, 178 Ga. App. 539, 540-541 (1) (343 SE2d 753) (1986).

[13] See, e.g., *Lockheed Missiles &c. Co. v. Bobchak*, 194 Ga. App. 156, 158 (1) (390 SE2d 82) (1990); *Hampton v. Howard Baer, Inc.*, 172 Ga. App. 513, 514 (1) (323 SE2d 701) (1984); *Peachtree Plaza Hotel v. Haynes*, 163 Ga. App. 831 (296 SE2d 147) (1982).

[14] *Dairymen, Inc. v. Wood*, 162 Ga. App. 430, 432 (2) (291 SE2d 763) (1982).

[15] *Cheshire*, supra at 541 (1).

[16] 232 Ga. App. 328 (499 SE2d 925) (1998).

[17] See id.

[18] Id. at 329.

income benefits and continued to work, performing many of the same physical tasks as before, including lifting, carrying, walking, bending, standing, washing dishes, and, occasionally, helping with cooking. Regardless of whether Brown's job duties with Cypress were somehow less strenuous, the condition of Brown's knee indisputably continued to worsen until, on April 3, 1998, she had to stop working and undergo surgery. Because the record contains evidence to support the finding of a fictional new accident, the appellate division's award must be affirmed.[19] As the employer on the date that Brown was forced to cease working, Cypress incurred the obligation to pay for the workers' compensation benefits.[20]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 15, 2000.

*Gorby, Reeves, Peters & Burns, Michael S. Reeves, Christine A. Carson,* for appellants.

*Swift, Currie, McGhee & Hiers, Kenneth A. David, Robert R. Potter, Marci R. Rosenberg, Jonathan M. Rolnick,* for appellee.

---

[19] See *Cheshire*, supra at 541 (2).
[20] See *Johnston*, supra at 518 (2).