A05A2325. OCONEE AREA HOME CARE SERVICES, INC. et al.
v. BURTON.
(621 SE2d 859)

BLACKBURN, Presiding Judge.

In this workers' compensation action, S.E.U.S. Captive Insurance Company appeals the superior court's reversal of the Workers' Compensation Board's decision that James Burton's debilitating injury at work occurred on July 16, 2003 and not on August 26, 2003. The superior court held that the evidence showed that the injury occurred on August 26 and that therefore S.E.U.S., whose coverage of this employer began August 1, 2003 (and not Healthcare Mutual Captive Insurance Company, whose coverage of this employer ceased August 1, 2003), was liable for Burton's disability payments. We hold that because some evidence supported the Board's factfinding that the injury occurred on July 16, the trial court erred in reversing the Board's decision, and we accordingly reverse the trial court's decision.

The undisputed evidence showed that Burton injured his back at work when lifting a patient on July 16, 2003. He did not return to work until August 4, by which time his treating physician had certified that he was able to return to work. On August 26, Burton ceased working for his employer due to back pain. He sought workers' compensation benefits.

At the hearing, no party disputed that Burton was entitled to workers' compensation benefits. Rather, because the employer had changed insurance carriers on August 1, the primary issue was whether the benefits to be paid to Burton from August 26 forward were to come from the pre-August 1 carrier (Healthcare Mutual) or from the post-August 1 carrier (S.E.U.S.). This determination hinged on whether his disability arose out of his July 16 accident (with a change in condition on August 26) or out of a new accident that allegedly occurred on August 26. The administrative law judge (ALJ) hearing the matter decided that the disability arose out of the July 16 accident and ordered Healthcare Mutual to fund the workers' compensation benefits.

Healthcare Mutual appealed the ALJ's decision to the Board, which, after a review of the evidence, adopted and affirmed the ALJ's decision. Healthcare Mutual appealed the Board's decision to the superior court, which reversed the Board's decision, finding that "the

evidence shows Claimant sustained a new injury on August 26, 2003" and ordering that S.E.U.S. fund the income benefits. Following the discretionary appeal procedure, S.E.U.S. appeals the superior court's judgment.

The key issue is whether Burton's disability resulted from a change in condition or from a new accident. *Central State Hosp. v. James*[1] explains this distinction. When a claimant sustains an injury, is awarded compensation, returns to his normal and ordinary job duties, but then "as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties and not because of a specific job-related incident," his condition gradually deteriorates to where he cannot continue to perform his ordinary work, such facts constitute a change in condition and not a new accident. Id. at 310 (1) (c). See *Cypress Cos. v. Brown*.[2] On the other hand, when a claimant sustains a second accident as the result of a specific job-related incident, which aggravates a pre-existing condition arising from a prior accident, then the second accident is a new injury if it at least partially precipitated the claimant's disability. *Central State Hosp.*, supra at 309 (1) (b).

"Whether an employee's inability to continue working has been caused by a new accident or a change in condition is a question of fact for the [ALJ]." (Punctuation omitted.) *Columbus Intermediate Care Home v. Johnston*.[3] "When the record contains any evidence to support that factual finding, reviewing courts are bound by the any evidence rule. Thus, absent a legal error, when any evidence supports the findings of the ALJ and appellate division, those findings must be affirmed." (Footnote omitted.) *Cypress Cos.*, supra at 806. As required of the trial court, we must construe the evidence in the light most favorable to the party prevailing before the Board. *Haralson County v. Lee*.[4]

So construed, the evidence shows that on July 16, 2003, Burton's back "popped" while he was lifting a patient during his employment, causing severe pain in his lower back. During the next two weeks while Burton was away from work and was being treated by a physician, Burton's condition did not improve; indeed, he was experiencing even more pain (and did not believe he was ready to return to work) at the time the physician recommended he return to work on July 31. He received workers' compensation benefits for the two weeks he was out of work.

---

[1] *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678) (1978).

[2] *Cypress Cos. v. Brown*, 246 Ga. App. 804, 806-807 (542 SE2d 544) (2000).

[3] *Columbus Intermediate Care Home v. Johnston*, 196 Ga. App. 516, 518 (2) (396 SE2d 268) (1990).

[4] *Haralson County v. Lee*, 264 Ga. App. 68, 70 (589 SE2d 872) (2003).

Burton returned to work on August 4 and found that the ongoing pain gradually became worse with each passing day. Every time he would lift a patient, he felt pain in his back in the same location injured in the July 16 incident. Finally, on August 26 he simply could not work with the pain any longer and reported such to his supervisor.

At the hearing before the ALJ, Burton testified that his inability to continue working after August 26 was due to "the first injury, and it just got worser [sic]. It wasn't no second injury. The first injury was what did it." He reiterated this testimony later, emphasizing that he did not experience a new injury on August 26 but had simply been experiencing a gradual deterioration of the first injury over time since July 16.

The ALJ found Burton's testimony, partially corroborated by his supervisor, to be "very credible," despite its inarticulateness and some possible inconsistencies arising from his limited education and inability to read or write. Accordingly, the ALJ found that the disability arose from the July 16 incident and not from any new August 26 incident.

Burton's testimony clearly supported the ALJ's decision, which was adopted by the Board. Healthcare points out that this evidence was contradicted by expert physician testimony and that Burton made some inconsistent statements during his testimony. Faced with this same argument in *Gasses v. Professional Plumbing Co.*,[5] we deferred to the ALJ's findings, holding that the weight and credibility of the claimant's testimony are "to be determined solely by the ALJ and the board, and his testimony alone is sufficient to establish those facts." (Punctuation omitted.) We concluded:

> The findings of the board are conclusive and binding and neither the superior court nor this court has any authority to substitute itself as a fact finding body in lieu of the Board. The superior court, when sitting as an appellate body, is bound by the "any evidence" standard of review and is not authorized to substitute its judgment as to weight and credibility of the witnesses. The ALJ and board may choose to believe the testimony of the claimant as opposed to the testimony of an expert witness. The testimony of the claimant provided the "any evidence" in support of the ALJ and board's findings, and the superior court erred in substituting its judgment for that of the board in weighing the credibility of the claimant's testimony, and finding no competent evidence in support of the board's award.

---

[5] *Gasses v. Professional Plumbing Co.*, 204 Ga. App. 69, 70 (418 SE2d 424) (1992).

(Citations and punctuation omitted.) Id. at 70-71.

We similarly uphold the findings of the ALJ and Board here. Accordingly, we reverse the superior court's reversal of those findings.

*Judgment reversed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 12, 2005.

*Lowendick, Cuzdey, Ehrmann, Wagner & Stine, Michael D. Thorpe*, for appellants.

*Moore, Ingram, Johnson & Steele, Harry R. Tear III, Autumn L. Veazey, Clements & Sweet, Brian J. Buckelew*, for appellee.